# UNITED STATES DISTRICT COURT FOR
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | DUSTIN LANCE, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) Case No.: CIV-17-378-RAW |
| | | ) |
| (2) | BOARD OF COUNTY COMMISSIONERS OF PITTSBURG COUNTY, OKLA., | ) |
| | | ) |
| (3) | CHRIS MORRIS, Sheriff of Pittsburg County, Okla. in his Official capacity, | ) |
| | | ) |
| (4) | MIKE SMEAD, in his individual capacity, | ) |
| | | ) |
| (5) | DAKOTA MORGAN, in his individual capacity, | ) |
| | | ) |
| (6) | EDWARD MORGAN, in his individual capacity, | ) |
| | | ) |
| (7) | STEPHEN SPARKS, in his individual capacity, | ) |
| | | ) |
| (8) | MCALESTER REGIONAL HEALTH CENTER AUTHORITY d/b/a McAlester Regional Hospital, and | ) |
| | | ) |
| (9) | GARY R. LEE, M.D., | ) |
| | | ) |
| (10) | JOEL KERNS, former Sheriff of Pittsburg County, in his individual capacity, | ) |
| | | ) |
| (11) | DANIEL HARPER, in his individual capacity, | ) |
| | | ) |
| | Defendants. | ) |

1

## DEFENDANT McALESTER REGIONAL HEALTH CENTER'S
## REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant McAlester Regional Health Center ("Defendant" or "MRHC"), by and through its counsel of record, and hereby submits its *Reply in Support of its Motion for Summary Judgment*. In support hereof, MRHC would show the Court as follows:

## MRHC'S REPLY IN SUPPORT OF ITS STATEMENT
## OF UNCONTROVERTED MATERIAL FACTS

Plaintiff has only disputed a handful of MRHC's Uncontroverted Material Facts. Each of the disputed facts is addressed below under the number originally set forth in MRHC's *Motion*.

5. Plaintiff's assertion that he was not afforded an opportunity to present rebuttal experts is untrue. Under the Court's *Amended Scheduling Order*, Plaintiff was required to file any rebuttal expert reports on May 24, 2019. *See* Exhibit B *to MRHC's Motion for Summary Judgment*, p. 2. Similarly, Plaintiff is incorrect that he was not allowed to depose any experts on EMTALA is untrue. The parties agreed to complete some depositions after the discovery deadline, including those for Plaintiff's own experts, which were taken on June 3, 2019. Plaintiff never requested to take Dr. Bradt's deposition in this case. Moreover, Plaintiff has the burden of proof in this case, and he could have identified an EMTALA expert in his original expert disclosure. Plaintiff does not have an EMTALA expert, and he cannot now identify one, as discovery is closed and the expert disclosure deadlines have passed. *See* Exhibit B *to MRHC's Motion*, pp. 1-2.

7. Plaintiff disputes that Plaintiff was arrested and booked into the PCJ on December 15, 2016. While this fact came directly from and was supported by Plaintiff's *Second Amended Complaint*, Plaintiff states that he was booked into the jail on November 11, 2016. The date on which Plaintiff was arrested does not materially impact summary judgment, because Plaintiff admits that he was an inmate of the PCJ on December 15, 2016.

15. First, Plaintiff argues that the cited material does not support the fact stated by MRHC. This is patently untrue.  Dr. Bradt opined that Plaintiff's emergency medical condition was stabilized under EMTALA because there was no risk of material deterioration, which was the fact stated by MRHC. *See* Exhibit E *to MRHC's Motion*, p. 2.  Second, Dr. Bradt's opinion is not limited to permanent injuries, as Plaintiff incorrectly contends. *See MRHC's Response and Objection to Plaintiff's Daubert Motion to Limit or Exclude Dr. Bradt's Testimony [Dkt. # 178]*. Third, Plaintiff's cited support for his objection does not support the facts cited.  Plaintiff's only cited evidence is his own *Declaration*.  Plaintiff's *Declaration* does not state any objections to Dr. Bradt's opinion, which is essentially the objection submitted to MRHC's Uncontroverted Fact.  Moreover, Plaintiff cannot opine or provide testimony about EMTALA, causation (including whether MRHC caused any additional injury to him), stabilization of his injuries, or Dr. Bradt's opinions, because he is wholly unqualified to provide the same under FED.R.EVID. 702.  As such, Plaintiff has no admissible evidence to rebut Dr. Bradt's expert medical opinion that Plaintiff's emergency medical condition was stabilized under EMTALA.

16. MRHC adopts and incorporates its reply to the 15th Uncontroverted Fact.  Additionally, Plaintiff's assertion is not supported by the sworn testimony in this case.  Plaintiff's own expert and his treating physician, Oren Miller, M.D. ("Dr. Miller") does not support Plaintiff's objection.  Dr. Miller did not testify that Plaintiff was not stabilized by MRHC.  Instead, Dr. Miller testified that Plaintiff was stable when he arrived at St. Francis Hospital and that due to the amount of time Plaintiff had been suffering from priapism before he sought treatment at MRHC, any delay in his arrival to St. Francis Hospital would not have made a difference to the injury he suffered. *Id*. Exhibit 1, *Deposition of Dr. Miller*, p. 25, ll. 14-16; p. 35, ll. 13-22; p. 40, ll. 3-13; p. 52, l. 21-p. 53, l. 6.  The only admissible evidence in this case proves that Plaintiff's

emergency medical condition was stabilized under EMTALA, and Plaintiff has no admissible evidence to rebut the same.

17. MRHC adopts and incorporates its replies to the 15th and 16th Uncontroverted Facts.

18. MRHC adopts and incorporates its replies to the 15th and 16th Uncontroverted Facts.

## MRHC'S RESPONSE TO PLAINTIFF'S ADDITIONAL FACTS THAT PRECLUDE JUDGMENT

1. MRHC admits that the transfer request form does not have a box checked; however, that does not prove that Plaintiff's emergency medical condition was unstable. To the contrary, Dr. Lee has testified that Plaintiff's medical condition was stabilized. Exhibit 2, *Deposition of Dr. Lee*, p. 48, ll. 13-15. In addition, the same opinions have been provided by Dr. Bradt, as well as Dr. Miller. *See* Exhibit E *to MRHC's Motion*, p. 2; Exhibit 1, p. 25, ll. 14-16; p. 35, ll. 13-22; p. 40, ll. 3-13; p. 52, l. 21-p. 53, l. 6. This fact does not preclude summary judgment.

2. Admitted. There is no summary of the risks of transfer. However, because Plaintiff's emergency medical condition was stabilized, the transfer requirements of EMTALA do not apply. 42 U.S.C. § 1395dd(c); *see also Section III below*. Thus, this alleged disputed fact does not preclude summary judgment.

3. Admitted. This addendum to the medical record has no bearing on and does not prove that Plaintiff's emergency medical condition was not stabilized under EMTALA or that his transfer was inappropriate. Thus, this alleged disputed fact does not preclude summary judgment.

4. Denied. Plaintiff's alleged "fact" is counsel's argument and not a fact at issue in this case. Dr. Lee, Dr. Bradt, and Dr. Miller have all either testified or opined that Plaintiff's transfer was appropriate. Exhibit 1, p. 40, ll. 3-13; p. 52, l. 21-p. 53, l. 6; Exhibit 2, p. 48, ll. 13-25; Exhibit E *to MRHC's Motion*, pp. 1-3. Thus, the only admissible evidence herein is that

Plaintiff's transfer was appropriate under EMTALA.  Plaintiff's alleged fact cannot preclude summary judgment.

5. Denied.  First, Plaintiff's fact is not supported by the cited evidence.  Plaintiff's *Declaration* does not state that Dr. Lee called an ambulance.  In fact, Dr. Lee testified that he could not recall whether an ambulance was called for Plaintiff in this case. Exhibit 2, p. 45, ll. 1-16.  Second, Plaintiff's *Declaration* is inadmissible on this issue, as it is hearsay. FED.R.EVID. 801.  Plaintiff's *Declaration* includes only Plaintiff's recitation of statements he was told by others or that he overheard.  None of the declarants are identified nor are there statements subject to cross-examination; thus, they are inadmissible for purposes of summary judgment.  Third, even assuming, *arguendo*, that Dr. Lee called for an ambulance, this does prove that Plaintiff's transfer was inappropriate.  Thus, this alleged fact does not preclude summary judgment.

6. Denied.  MRHC adopts and incorporates its response to Plaintiff's 4th fact.

7. Denied.  Plaintiff is not qualified to testify that his pain increased due to pain medication wearing off or subsiding.  Medical causation requires expert testimony, and Plaintiff cannot testify to the same.  As such, his *Declaration* is inadmissible as to this issue.  Further, in his *Response to MRHC's Motions in Limine*, Plaintiff specifically stated that he would not testify as to causation. *See Plaintiff's Response to MRHC's Motions in Limine [Dkt. #166]*, p. 2.  Plaintiff cannot state what caused his pain, as he is not a medical expert, and his *Response to MRHC's Motions in Limine* admits as much. This alleged "fact" is inadmissible and cannot preclude summary judgment.

8. Admitted.  Dr. Miller's pre-op note has no bearing on whether Plaintiff was not stabilized under EMTALA while he was at MRHC. Further, Dr. Miller testified that the reason he declared an emergency for Plaintiff's prompt need for treatment was because Plaintiff had eaten, which

5

increased the risk of aspiration during this surgery. Exhibit 1, p. 13, l. 24-p. 14, l. 13.  Thus, this alleged fact does not preclude summary judgment.

## ARGUMENTS & AUTHORITIES

**I.     PLAINTIFF DOES NOT HAVE AN EXPERT TO OPINE ON EMTALA; THUS, SUMMARY JUDGMENT SHOULD BE ENTERED.**

Plaintiff does not rebut the fact that he is required to have an expert to support his EMTALA claim, and he admits that he does not have an expert to opine on EMTALA. *See Plaintiff's Response to MRHC's Uncontroverted Fact No. 4*.  Plaintiff, as a lay person with no medical training, cannot testify or opine on EMTALA, whether MRHC stabilized Plaintiff's emergency medical condition under EMTALA, whether MRHC properly transferred Plaintiff, or whether any alleged EMTALA violation caused or contributed to Plaintiff's injury. *See* FED.R.EVID. 702.[1]

Plaintiff has the burden of proving his claims herein, and the EMTALA claim asserted requires expert testimony. *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.*, 248 F.3d 29, 36-37 (1st Cir. 2001); *Cruz-Vazquez v. Mennonite General Hosp., Inc.*, 613 F.3d 54, 56 (1st Cir. 2010); *Parker v. Central Kansas Med. Ctr.*, 57 Fed.Appx. 401, 406 (10th Cir. 2003); *Scott v. Memorial Health Care System, Inc.*, 2015 WL 12531987, *3-4 (E.D.Tenn. Sept. 29, 2015); *Romine v. St. Joesph Health Sys.*, 541 Fed.Appx. 614, 619 (6th Cir. 2013).  Only a physician is qualified to opine as to whether a diagnosed emergency medical condition is likely, within a reasonable degree to medical probability, to materially deteriorate during the transfer, as this determination requires specialized medical knowledge and expertise. *Id.*  Expert medical testimony as to causation is vital in EMTALA cases, because the plaintiff has already

---

[1] Plaintiff attempts to assert that he was without the opportunity to identify a rebuttal EMTALA expert, because MRHC's expert disclosure deadline was after the close of discovery.  This argument is wholly incorrect.  This Court's *Amended Scheduling Order* allowed Plaintiff to file rebuttal expert reports by May 24, 2019. *See* Exhibit B *to MRHC's Motion*, p. 2.

suffered an injury prior to seeking medical care at the hospital. *See Scott*, 2015 WL 12531987 at *4; *citing Romine*, 541 Fed.Appx. at 619.

The expert testimony in this case from MRHC's expert, Dr. Bradt, and Plaintiff's own expert, Dr. Miller, is that Plaintiff's emergency medical condition was stabilized, as it is meant under EMTALA, prior to his transfer from MRHC. *See* Exhibit E *to MRHC's Motion*, p. 2; Exhibit 1, p. 25, ll. 14-16; p. 35, ll. 13-22; p. 40, ll. 3-13; p. 52, l. 21-p. 53, l. 6. Further, Dr. Lee also testified that Plaintiff's emergency medical condition was stabilized and not likely to materially deteriorate. Exhibit 2, p. 48, ll. 13-15. Likewise, there is no testimony from any expert that MRHC caused or contributed to any of Plaintiff's alleged injuries. It is clear that Plaintiff does not have an expert to opine as to the EMTALA claim against MRHC. Without expert testimony, Plaintiff cannot maintain his EMTALA claim against MRHC. Moreover, all of the expert testimony herein proves that Plaintiff's emergency medical condition was stabilized under EMTALA prior to his transfer to St. Francis. Therefore, summary judgment is appropriate, and MRHC respectfully requests that the Court enter an Order granting the same.

**II.   EXPERT MEDICAL TESTIMONY IS REQUIRED TO PROVE WHETHER A PATIENT'S EMERGENCY MEDICAL CONDITION WAS STABILIZED.**

In his *Response*, Plaintiff asserts that stabilization under EMTALA is a question of law and not a question of fact that requires expert testimony. This argument is unpersuasive and without merit. EMTALA defines stabilization of an emergency medical condition as follows:

> The term "to stabilize" means, with respect to an emergency medical condition described in paragraph (1)(A), to provide such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from the facility, or with respect to an emergency medical condition described in paragraph (1)(B), to deliver (including the placenta).

7

> The term "stabilized" means, with respect to an emergency medical condition described in paragraph (1)(A), that no material deterioration of the condition is likely, within reasonable medical probability, to result from or occur during the transfer of the individual from a facility, or, with respect to an emergency medical condition described in paragraph (1)(B), that the woman has delivered (including the placenta).

42 U.S.C. § 1395dd(e)(3).  Stabilization of an emergency medical condition does not mean that the condition is resolved.  Instead, a patient's emergency medical condition may be stabilized, but the patient can remain in critical condition. *Brooker v. Desert Hosp. Corp.*, 947 F.2d 412, 415 (9th Cir. 1991).  "EMTALA requires that the decision regarding material deterioration be based on the reasonable medical probability standard ***as judged by a medical professional***, not based on the judgment of a layman." *Bergwall v. MGH Health Servs., Inc.*, 243 F.Supp.2d 364, n. 14 (D. Md. 2002), *citing* 42 U.S.C. § 1395dd(e)(3)(A-B) (emphases added).

To determine whether material deterioration is likely within a reasonable degree of probability, a physician must use his or her medical judgment.  Only a physician can determine whether any specific condition has risks of deterioration during or as a result of a transfer.  This is not a legal standard or a question of law.  Under Plaintiff's theory, an emergency room physician, after diagnosing and treating an emergency medical condition, would then be required to obtain a judge's determination to satisfy the question of law as to whether the condition has been stabilized and was not likely, within a reasonable degree of medical probability, to materially deteriorate. This is not required by or the intent of EMTALA, which allows physicians to use their own medical judgment to determine whether the care and treatment provided has stabilized the emergency medical condition at issue. A physician is the proper person to determine whether an emergency medical condition has been stabilized under EMTALA.

The physicians and medical experts in this case have opined that Plaintiff's emergency medical condition was stabilized at MRHC.  Plaintiff has presented no expert testimony to the

8

contrary. *See* Exhibit E *to MRHC's Motion*, p. 2; Exhibit 1, p. 25, ll. 14-16; p. 35, ll. 13-22; p. 40, ll. 3-13; p. 52, l. 21-p. 53, l. 6; Exhibit 2, p. 48, ll. 13-15.   Therefore, because Plaintiff's emergency medical condition was stabilized under EMTALA prior to his transfer, MRHC satisfied its EMTALA obligations, and summary judgment should be granted.

### III.   EMTALA DOES NOT REQUIRE A HOSPITAL TO BOTH STABILIZE A PATIENT'S EMERGENCY MEDICAL CONDITION AND TRANSFER THE PATIENT.

Plaintiff continues to inaccurately insist that EMTALA requires a hospital to both stabilize a patient's emergency medical condition *and* comply with the appropriate transfer requirements.  The plain language of the EMTALA statute shows this is not the case.  42 U.S.C. § 1395dd(b)(1) states:

> In any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide ***either***
> (A)   within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, ***or***
> (B)   for transfer of the individual to another medical facility in accordance with subsection (c) of this section.

(emphases added).  Under the plain language of the statute, hospitals must *either* provide treatment to stabilize the emergency medical condition *or* transfer the *unstable* patient.

Next, 42 U.S.C. § 1395dd(c) applies to the transfer of patients.  Subsection (1) states the rule to which appropriate transfers apply.  "If an individual at a hospital has an ***emergency medical condition which has not been stabilized*** (within the meaning of subsection (e)(3)(B) of this section), the hospital may not transfer the individual unless . . . the transfer is an appropriate transfer (within the meaning of paragraph (2)) to that facility." 42 U.S.C. § 1395dd(c)(1)(B) (emphases added).  The appropriate transfer definition, including the requirement that the transfer take place with appropriate personnel, on which Plaintiff repeatedly and incorrectly relies, only applies to the

9

transfer of patients whose emergency medical condition has not been stabilized. As such, a hospital has fulfilled its obligations under EMTALA once stabilization of the emergency medical condition has occurred. *See* Green v. Touro Infirmary, 992 F.2d 537, 539 (5th Cir. 1993) (finding that the defendant met its obligations under EMTALA once it stabilized the patient).

In this case, all of the undisputed evidence shows that Plaintiff's emergency medical condition was stabilized, as is required by EMTALA. *See* Exhibit E *to MRHC's Motion*, p. 2; Exhibit 1, p. 25, ll. 14-16; p. 35, ll. 13-22; p. 40, ll. 3-13; p. 52, l. 21-p. 53, l. 6; Exhibit 2, p. 48, ll. 13-15. Thus, there were no appropriate transfer requirements to be fulfilled by MRHC. Accordingly, summary judgment is warranted.

Even assuming, *arguendo*, that Plaintiff's emergency medical condition was not stabilized, which it was, the appropriate transfer requirements were met. Dr. Lee, Dr. Bradt, and Dr. Miller have all testified or opined that the transfer of Plaintiff *via* police vehicle was appropriate for his stabilized condition. Exhibit 1, p. 40, ll. 3-13; p. 52, l. 21-p. 53, l. 6; Exhibit 2, p. 48, ll. 13-25; Exhibit E *to MRHC's Motion*, pp. 1-3. Plaintiff's own expert has agreed the transfer was appropriate. There is no expert opinion or other admissible evidence to rebut the medical testimony and opinions that Plaintiff's transfer was appropriate under EMTALA, even assuming, *arguendo*, that his emergency medical condition was not stabilized. As such, MRHC is entitled to summary judgment on Plaintiff's EMTALA claim.

WHEREFORE, premises considered, Defendant McAlester Regional Health Center hereby submits its *Reply in Support of its Motion for Summary Judgment* and respectfully requests this Court enter an Order granting MRHC's *Motion* and further awarding it all other relief to which it is entitled.

Respectfully submitted,

/s/ David A. Russell
David A. Russell, OBA #15104
Emily Jones Ludiker, OBA #21719
John Paul Yeager, OBA #33791
**RODOLF & TODD**
15 East 15th Street, 6th Floor
Tulsa, Oklahoma 74103
918-295-2100
918-295-7800 facsimile
*Attorneys for Defendant McAlester Regional Health Center*

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of an Electronic Filing to the following ECF registrants (names only are sufficient):

Steven J. Terrill – sjterrill@bryanterrill.com
J. Spencer Bryan – jsbryan@bryanterrill.com
Billy D. Griffin – oculaw2@aol.com
Jason B. Reynolds – jasrey@aol.com
Robert S. Lafferrandre – rlafferrandre@piercecouch.com
Carson C. Smith – csmith@piercecouch.com
James L. Gibbs – jgibbs@gphglaw.com
Michael L. Carr – mlc@czwlaw.com
Andy A. Artus – czw@czwlaw.com
Jamison C. Whitson – jcw@czwlaw.com
Taylor M. Tyler – tmt@czwlaw.com

                                              /s/ David A. Russell