# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUSTIN LANCE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CIV-17-378-RAW |
| | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF PITTSBURG COUNTY, | ) |
| OKLAHOMA, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT SMEAD'S TRIAL BRIEF

Defendant Smead hereby issues his Trial Brief in accordance with the Court's Scheduling Order. For efficiency and economy, Defendant Smead incorporates Defendants Morris, D. Morgan and Harper's Trial Brief [Doc. 264] in its entirety, elaborating and providing further content on certain issues as to Plaintiff's claim against Defendant Smead and on certain of Plaintiff's Jury Instructions.

### I. Plaintiff's Denial Of Medical Claim Versus Defendant Smead

Defendant Smead incorporates Defendants Morris, D. Morgan and Harper's Trial Brief [Doc. 264] as to the deliberate indifference standard applicable to Plaintiff's Fourteenth Amendment claim against Defendant Smead in his individual capacity. In this Section, Defendant Smead includes basic law as to deliberate indifference, notes the fact that the Tenth Circuit has rejected the application of *Kingsley* in this particular context, and discusses the facet of a third class of awareness evidence as to Defendant Smead in particular.

### A. Deliberate Indifference in Medical Context

The deliberate indifference standard is well known to this Court. It "contains both an objective and a subjective component." *Blackmon v. Sutton*, 734 F.3d 1237, 1244 (10th Cir. 2013). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000); *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir.1999).

Subjectively, the individual defendant must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). This subjective standard lies "somewhere between the poles of negligence at the one end and purpose ... at the other." Id. at 836, 114 S.Ct. 1970. The Supreme Court has analogized it to criminal recklessness, to the conscious disregard of a "substantial risk of serious harm." Id. at 836–38, 114 S.Ct. 1970. Plaintiffs do not prove deliberate indifference by merely showing that the subject individuals failed "to alleviate a significant risk that [they] should have perceived but did not." *Farmer v. Brennan*, 511 U.S. 825, 826 (1994) ("[A]n officials' failure to alleviate a significant risk that **he should have perceived but did not,** while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.")(emphasis added). The "should have perceived" rubric may be key in this case, with the concomitant necessity for the jury to understand that a "should have" framework is not consonant with deliberate indifference.

2

Indeed, deliberate indifference is a higher standard than negligence or even gross negligence. *Berry v. City of Muskogee*, 900 F.2d 1489, 1494 (10th Cir. 1990). *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir.1995) states, "'[I]t is obduracy and wantonness, not inadvertence or error in good faith,' that violates the Eighth Amendment in 'supplying medical needs.'" (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, (1986)). To exhibit deliberate indifference, "[a]n official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Lastly, the Tenth Circuit has since rejected Plaintiff's prior attempt, in earlier, 2019 pretrial filings, to apply a different standard than the traditional one, set out above, to a pretrial detainee denial of medical case. In *Strain v. Regalado*, 977 F.3d 984 (10th Cir. 2020), the Tenth Circuit was asked to determine whether *Kinglsey v. Hendrickson*, 576 U.S. 389 (2015) required application of a purely objective standard to a pretrial a detainee's medical deliberate indifference claim. *Strain* answered in the negative, noting "that *Kingsley* involved an excessive force claim, not a deliberate indifference claim," and finding that "*Kingsley* **does not apply to the deliberate indifference context,** where the claim generally involves inaction divorced from punishment." Id at 987 (emphasis added). The Tenth Circuit further concluded that it could not overrule its prior precedent on this issue. Thus, the Tenth Circuit elected to "join our sister circuits that have declined to extend *Kingsley* to deliberate indifference claims" and continued to "apply our two-prong test to Plaintiff's claims." Hence, there is no change warranted to the governing deliberate

3

indifference test in the pretrial detainee medical context to be applied to Plaintiff's claim against Defendant Smead individually.

### B. Evidence Bearing upon Defendant Smead's Subjective Awareness and Law Pertaining to such Evidence

There will be three classes of evidence at trial as to whether or not Smead was ever subjectively aware of a serious medical need of Plaintiff's during the relevant period of time at the Pittsburg County Jail.  First, Defendant Smead and other jailers have and will testify they were never told or made aware of such an issue.  Second, Plaintiff will testify that he made every jailer aware and allegedly that he even showed his erect penis to Smead. The corresponding law to each of these classes is basic and is embraced by the instructions proposed by Defendants or as typically given by the Court in such denial of medical cases. That is, whether or not Defendant Smead was subjectively aware of a serious medical need, a substantial risk of serious harm, and consciously disregarded that risk.

The third class of evidence is a bit more unusual.  One witness, Nurse Crawford, has testified that she asked Sgt. Smead, at some point after learning of the situation on December 19, 2016, why Smead had not contacted her about the issue.  She claims that Smead responded something to the effect of, "I thought he was just playing."  Defendant Smead denies he was ever aware of Plaintiff's priapism and denies saying this.  However, to the extent this third class of awareness (1. No awareness 2. Awareness 3. Smead allegedly "Thought he was playing") is *part* of what the jury will hear at trial, Defendant submits that there should be a provision in the jury instructions to connect to and address the legal significance of this third class of awareness.

4

For this purpose, Defendants included the following language in the Deliberate Indifference jury instruction, "If it is determined that a jailer or medical staffer sincerely believed that an individual was faking or joking as to a medical situation conveyed, such belief would lack actual awareness of a substantial risk of serious harm and thus would not amount to deliberate indifference."  This is a distillation of authorities from a range of federal Courts of Appeal.

In short, courts across circuits find that a jailer or staffer who is found to have sincerely believed an inmate was faking cannot, therefore, have <u>actually appreciated</u>, as required, the seriousness of the medical situation so as deem that person deliberately indifferent to a serious medical need, one that carries a substantial risk of serious harm. The Fifth Circuit, via *Cleveland v. Bell*, 938 F.3d 672, 676-77 (5th Cir. 2019), states:

> Having reviewed the record, we find no evidence that on November 11th or 12th, Nurse Bell subjectively 'dr[e]w the inference' that Cleveland was experiencing a life-threatening medical emergency…The record contains statements from Nurse Bell indicating that she thought there was nothing wrong with Cleveland and believed he was faking illness. But nothing suggests that these statements reflected anything other than her sincere opinion at the time. Even if we construe her statements in the light most favorable to Plaintiffs, they are insufficient to establish **that Nurse Bell knew how serious the situation was**. The Supreme Court has made clear that **actual knowledge is an essential element** of Plaintiffs' burden, as mere negligence cannot establish a constitutional violation…. Given the lack of evidence about Nurse Bell's subjective awareness of a substantial risk of serious harm to Cleveland, Plaintiffs cannot show a constitutional violation at step one of the qualified-immunity analysis.

(emphasis added)(internal citations omitted).  *Freeman v. Rosmarynoski*, No. 17-CV-958-JPS, 2019 WL 1239794 at *4 (E.D. Wis. Mar. 18, 2019)("Plaintiff counters that the officers **should have realized** that his fall could have caused debilitating spinal injuries or paralysis, but this assertion is irrelevant. The officers' belief that Plaintiff was faking

5

**thwarts any finding of the subjectively culpable state-of-mind** required for Eighth Amendment liability.")(emphasis added). *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 684 (7th Cir. 2012)("Bell evidently thought that Rice was malingering, but she was not alone in that perception, and **even if she was mistaken**, the remark does not support the conclusion that she was deliberately indifferent to Rice's mental health or that she deliberately or recklessly withheld medical care that Rice needed.")(emphasis added). *Todd v. Walters*, 166 F. App'x 590, 592 (3d Cir. 2006) ("Finally, the medical records show that there was no identifiable reason for his inability to walk, and it was suspected that Todd was 'malingering.' On the facts in evidence, it cannot be said that any Defendant was deliberately indifferent."); *Ducharme ex rel. Rogers v. Bd. of Cnty. Comm'rs of Butler Cnty., Kan., No.* 09-2338-JTM, 2011 WL 2173684 at *13 (D. Kan. June 2, 2011). ("…Schmidt believed Ducharme was 'faking' and was not really suffering from a serious medical condition. That Schmidt actually **did believe she was faking, undercuts plaintiffs' contention** that he was aware of a substantial risk of harm and consciously or recklessly disregarded that risk. Further, it cannot be said that Schmidt was aware of symptoms of serious harm and recklessly disregarded them.'")(emphasis added).

     Including a brief provision, as proposed by Defendants, in the Deliberate Indifference instruction meets the three classes of evidence the jury will hear as to actual awareness, but it is does belabor this point or seek to elevate this third class over the more prominent positions of the parties; the majority of evidence at trial will fall under the typical 1. No awareness or 2. Awareness categories. But inasmuch as there is anticipated to be some evidence that needs a corresponding legal outlet, this provision is proper.

6

## II.     Disputed Jury Instructions

For the sake of economy, Defendant Smead wholly adopts and incorporates Co-Defendants Morris, D. Morgan and Harper's Trial Brief [Doc. 264] portion as to the disputed Jury Instructions, both in Co-Defendants' objection to the particular jury instructions of Plaintiff and the reasons set forth in support of the objections. Defendant Smead elects to include additional content as to a) Plaintiff's Statement of the Case, Instruction and b) Plaintiff's subset of instructions that cover Deliberate Indifference to Medical Needs under the Fourteenth Amendment, specified further below.

Plaintiff's Statement of the Case Jury Instruction is incomplete and misleading as to the record facts. For instance, Plaintiff's instruction reads, "Sometime before breakfast, Dustin awoke with an involuntary erection that would not go away." The record evidence is that **sometime around midnight**, he awoke with an involuntary erection. Obviously, there is a big difference in midnight and "sometime before breakfast," as the latter suggests the timing is closer to the morning, to breakfast. Timing of Plaintiff's priapism is important. Further, Plaintiff's instruction vaguely states, "The priapism caused Dustin to experience considerable pain." This too is incomplete and misleading, as Plaintiff testified he was not in pain when he first woke up with the erection in the middle of the night, and the stretch of time from midnight on December 16 to the morning of December 19 is a wide swath. The jury will hear Plaintiff's experience and alleged statements at various points along this time spectrum, but to loosely affix the label "considerable pain" to that entire period is inconsistent with the record and a gross oversimplification of evidence.

Secondly, the subset of instructions that cover Deliberate Indifference to Medical Needs under the Fourteenth Amendment span the following of Plaintiff's proposed ones:

"Fourteenth Amendment – Right to Medical Care," "Fourteenth Amendment – Deliberate Indifference – Defined – Delay or Denial of Medical Care," "Subjective Knowledge – Defined," "Reasonable Response – Defined," "Act or Omission – Defined," "Deliberate Indifference – Circumstantial Evidence of Policy,"

(Plaintiff's Proposed Jury Instructions, Exhibit 1, pp. 38-43). In general, Defendant Smead agrees with Co-Defendants Morris, D. Morgan and Harper [Trial Brief, Doc. 264, ECF pgs. 21-22] in their articulation of the deficiencies with this particular subgroup of Plaintiff's proposed jury instructions. Defendant Smead adds that, in Plaintiff's set, there is not a sustained effort to define deliberate indifference in a way that comports with case law. The concept of deliberate indifference is not *exactly* intuitive and requires some careful explanation. Yet Plaintiff's set does not flesh out this concept well enough and its *sine qua non* core of actual knowledge, as distinguished from negligence and constructive knowledge. Defendants' Joint Proposed Instructions better explain deliberate indifference, both the core of it and how it works in context.

Defendant submits that Defendants' Joint Proposed Jury Instructions [Doc. 260] explain deliberate indifference well for the jury and set the proper context. Further, the instruction of Defendants, "Deliberate Indifference- Definition" [Doc. 260, ECF pg. 40] contains a section, buttressed with authorities cited from many federal Courts of Appeal, as to the significance of a jailer or staffer sincerely believing that an inmate was faking or joking, and how this factual situation fits into the legal rubric of deliberate indifference with its core of actual awareness.

Moreover, paired with the noted deficiency in explaining this deliberate indifference concept, Plaintiff's jury instructions repeated references to obviousness ("risk was obvious", "If a risk is so obvious") [Subjective Knowledge- Defined] [Ex. 1, pg. 41-42] overly suggest to a jury that a) the risk *was* obvious here and b) that it can just impute actual knowledge to a jailer if something *should have been* known or is obvious, which is skewing the margins of deliberate indifference.  Jurors must understand actual knowledge at the core and then be given the contour of obviousness, but the core is **not** well constructed in Plaintiff's set and the contours are not properly placed relative to the core, seeming to overly loosen the concept of deliberate indifference.   For the contour of a jailer or staffer believing an inmate was faking or joking, see section I(B), *supra*, incorporated herein.

As noted by Co-Defendants, the deficiency in definition with Plaintiff's set persists through "Act or Omission" and "Subjective Knowledge- Defined," with Plaintiff focusing on ways that the jury can get there for a verdict rather than actually defining what the concept is and how it functions relative to the governing test.  These particular instructions are both poorly titled and the content is lacking.

Lastly, Defendant Smead proposes a Special Verdict form, [Doc. 260, ECF pg. 63]. This form, although a special form, is not overly complicated, and Defendant believes it is consonant with both the analysis and sequence to be followed by the jury, especially in a multi-party case with different time periods (pre and post transport to McAlester Regional Hospital) involved.  The special form would be more tailored to the issues and enable the jury to walk through the analysis, with some guardrails as framework, rather than a general verdict with no such framework.

Respectfully submitted,

 s/  Carson C. Smith
Robert S. Lafferrandre, OBA No. 11897
Randall J. Wood, OBA No. 10531
Carson C. Smith, OBA No. 22303
John H. Kim, OBA No. 31613
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, Oklahoma  73106
Telephone:    (405) 235-1611
Facsimile:     (405) 235-2904
rlafferrandre@piercecouch.com
csmith@piercecouch.com
rwood@piercecouch.com
jkim@piercecouch.com
*Attorneys for Defendant*
*Mike Smead*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 15th day of September 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Jason B. Reynolds | jasrey@aol.com |
| Billy Griffin | oculaw2@aol.com |
| Steven J. Terrill | sjterrill@bryanterrill.com |
| J. Spencer Bryan | jsbryan@bryanterrill.com |
| Andy A. Artus | aaa@czwlaw.com |
| Jamison C. Whitson | jcw@czwlaw.com |

             s/ Carson C. Smith
             Carson C. Smith