IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1)  DUSTIN LANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-17-378-RAW |
| | ) | |
| 1) CHRIS MORRIS, Sheriff of Pittsburg | ) | |
| County, Okla., in his official capacity, | ) | |
| 2) MIKE SMEAD, in his | ) | |
| individual capacity, | ) | |
| 3) DAKOTA MORGAN, in his | ) | |
| individual capacity, | ) | |
| 4) DANIEL HARPER, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, SHERIFF CHRIS MORRIS, in his Official Capacity,
DAKOTA MORGAN, AND DANIEL HARPER'S
REPLY SUPPORTING THEIR MOTION AND BRIEF IN LIMINE**

Defendants, Sheriff Chris Morris, in his Official Capacity, Dakota Morgan, and

Daniel Harper, ("Defendants"), submit the following Reply in support of their Second

Motion and Brief in limine [Dkt. 244].

**I.      EVIDENCE REGARDING THE VIOLATION OF ANY POLICY,
STANDARD, RULE, OR REGULATION.**

This case involves Plaintiff's claim of denial of medical care which requires a

finding of deliberate indifference. Any alleged violation of PCCJC policy, state law, or

standards is **not relevant** because "***such violations alone do not necessarily imply acts***

***of deliberate indifference***." *Bame v. Iron Cty.*, 566 Fed. Appx. 731, 739 (10th Cir. 2014)

(emphasis added) (finding jailer's violation of "jail's suicide prevention policies" did not

establish deliberate indifference) (citing *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4

(10th Cir.1993) ("a failure to adhere to administrative regulations does not equate to a

constitutional violation")); *see also Hostetler v. Green*, 323 Fed. Appx. 653, 657–58 (10th Cir. 2009) (a jailer's policy violation alone, without evidence such as the jailer's "knowledge that a policy was enacted specifically to prevent sexual assault" and the jailer's knowledge he violated the policy may "tend[] to support" but not mandate "an inference that [the jailer] was aware of an increased risk of sexual assault to [plaintiff] when he violated the policy"); *see also  Williams v. Miller*, 696 Fed. Appx. 862, 869–70 (10th Cir. 2017) ("Merely showing [Defendant's insubordinates] may have violated prison policy is not enough.").

Evidence of any alleged violation of state law, standards, regulations, and/or policies would only confuse the jury and invite the conflation of constitutional standards with irrelevant standards. Allowing the conflation of these standards would inevitably cause irreparable prejudice to Defendants. *See* Fed. R. Evid. 401-403. Accordingly, the Court should issue an Order limiting or prohibiting the referencing or implicating of the aforementioned content at trial.

## II.    PREVIOUS LAWSUITS AGAINST DEFENDANTS.

Plaintiff argues that any previous lawsuits against Defendants are admissible as they may establish subjective knowledge of "Kerns" and "the Sheriff" regarding potential issues related to medical care to inmates at PCCJC. [Dkt. 164, p. pp. 2-3]. Plaintiff also asserts that he does not intend to offer any use of force lawsuits unless they also include denial of medical care claims. [Dkt. 164, p. pp. 2-3]. However, evidence of ***any*** lawsuits or claims against Defendants would confuse and mislead the jury, since they would necessarily have different factual circumstances and issues. Allowing this confusion would be highly prejudicial to Defendants. Moreover, this evidence would be

inadmissible under Fed. R. Evid. 401-403, 608, and 801. Additionally, any lawsuit that Plaintiff may attempt to enter into evidence would necessarily be based on tangential issues with no relevance to this case. For these reasons and the reasons stated in Defendants' Motion, prior lawsuits against the Defendants are inadmissible. *See* Fed. R. Evid. 401-403. As such, this Motion in limine should be granted.

## III.   NEWSPAPER ARTICLES AND MEDIA PUBLICATIONS.

Plaintiff does not actually address Defendants' arguments and instead asserts that if any Defendant claims they first became aware of Plaintiff or the incident via the news then that Defendant's testimony of such would be relevant in showing Defendants' investigation of the incident and alleged "indifference in handling future events." [Dkt. 164, pp. 3-4]. However, any subsequent investigation or "future event" is totally irrelevant to this case, which concerns whether Plaintiff's constitutional rights were violated and not these issues. Additionally, this could only serve to prejudice Defendants, as they would likely confuse and mislead the jury. Fed. R. Evid. 401, 402. Moreover, Plaintiff does not address, and therefore concedes, that any newspaper articles or other media publications about this case would contain rank hearsay. For these reasons and the reasons stated in Defendants' Motion, the Court should enter an Order prohibiting admission and/or discussion of media and other related sources regarding the event at issue. *See* Fed. R. Evid. 401-403.

## IV.   THE POSSIBLE EXISTENCE OF LIABILITY INSURANCE

Plaintiff's only argument on this issue is that he should be permitted to rebut any argument by Defendants regarding financial hardship of any judgment on them. [Dkt. 164, pp. 6-7]. However, Defendants do not intend to offer any evidence or argument that a judgment against them or any Defendant would cause financial hardship. Defendants'

Motion in limine on this issue should therefore be granted for the reasons stated herein and in Defendants' Motion.

## V.      EXPERT MEDICAL OPINIONS FROM ANY LAY WITNESS.

Defendants fifth Motion in limine seeks to exclude expert testimony from lay witnesses, including any attempt to use statements from Viagra commercials as medical opinions. Plaintiff does not address this specific issue (and therefore concedes it), but instead claims he is permitted to testify regarding his "mental and physical injuries." [Dkt. 164, p. 6]. While Plaintiff may testify regarding his own pain and suffering, he cannot testify regarding how or why those injuries occurred—this would be causation testimony and is not permitted under the Federal Rules, as Plaintiff does not have the requisite medical training to offer this evidence. This Motion in limine should be granted.

## VI.     FINANCIAL CONDITION OF THE PARTIES.

Plaintiff's only argument on this issue is that he should be permitted to rebut any argument by Defendants regarding financial hardship of any judgment on them. [Dkt. 164, pp. 6-7]. Plaintiff cites no authority nor attempts to otherwise rebut Defendants arguments and as such, concedes them. Regardless, Defendants do not attempt to offer any evidence or argument that a judgment against them would cause financial hardship. Defendants' Motion in limine on this issue should therefore be granted for the reasons stated herein and in Defendants' Motion.

## VII.    ANY EXPERT WITNESS OPINIONS NOT PREVIOUSLY DISCLOSED.

Aside from mentioning his "hybrid" expert Plaintiff identified on April 10, 2019, Plaintiff makes no attempt to rebut Defendants' arguments and as such concedes them. Defendants' Motion in limine on this issue should therefore be granted.

## VIII.   OPINION OF COUNSEL.

Plaintiff's counsel is neither a qualified lay witness under Fed. R. Evid. 701 nor an established expert under Fed. R. Evid. 702.  As such, there is no rule by which opinion testimony by Plaintiff's counsel may be properly admitted. Such testimony is therefore not relevant under Fed. R. Evid. 401, and must be deemed inadmissible under Fed. R. Evid. 402-403. Further, any appeal to the jury based upon Plaintiff's opinion risks undue prejudice where the jury may consider Plaintiff's counsel to be a proper or influential officer of the court. Such testimony must be inadmissible under Fed. R. Evid. 403.

## IX.   PERSONALIZING THE CASE.

Defendant sought to prohibit a plea to the jury members to "put themselves in the shoes of the plaintiff and do unto him as they would have done unto them under similar circumstances." *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978). Plaintiff confesses this Motion in limine to the extent it applies to damages, but not to the issue of liability. "Use of the "golden rule" argument "is not improper when urged on the issue of ultimate liability," *Shultz v. Rice*, 809 F.2d 643, 652 (10th Cir. 1986). However, any prejudicial arguments, such as asking the jurors how they or a loved one suffered a priapism, would still be improper and highly prejudicial, and thus prohibited pursuant to 401-403 of the Federal Rules of Evidence. As the Tenth Circuit stated in *Blevins v. Cessna Aircraft Co.,* 728 F.2d 1576, 1580 (10th Cir. 1984):

> We note that a Golden Rule appeal "is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Ivy v. Security Barge Lines, Inc.,* 585 F.2d 732, 741 (5th Cir.1978), *rev'd on other grounds,* 606 F.2d 524 (5th Cir.1979) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980).

As such, Defendants' Motion in limine on this issue should be granted.

## X.     USING A VERDICT TO "SEND A MESSAGE."

Plaintiff appears to concede this Motion. However, to the extent Plaintiff may implore the jury to send a message through an award of punitive damages; this is not permissible against Defendants Morris who is sued only in his official capacity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("By the time Congress enacted what is now § 1983, the immunity of a municipal corporation from punitive damages at common law was not open to serious question."); *see also McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (noting punitive damages are not recoverable against a municipal defendant under 42 U.S.C. § 1983)

## XI.    DEATH OF KERNS' SON

Plaintiff produces only a link to a newspaper article reporting the death of former Sheriff, Joel Kerns' son. That article, which is hearsay, is not evidence that Kerns' son requested and was denied medical care or treatment. Nor does it establish that anyone at the jail was deliberately indifference to his medical needs; or that any policy caused a constitutional violation.   No lawsuit was filed.   There has been no finding of a constitutional violation. No one in this lawsuit (including Kerns) has testified that the death was the result from a constitutional violation. Therefore, nothing about the death of Kerns' son is relevant to any issue in this case and is unfairly pre-judicial to Defendants in this case. This evidence should be excluded because it is not relevant, unfairly prejudicial, would be misleading, a waste of time, and confusing to the Jury (Fed. R. Evid. 401-403).   As such, it should be excluded and this motion should be granted.

## XII.   HEARSAY STATEMENTS MADE BY HEALTHCARE PROVIDERS TO PLAINTIFF OR HIS FAMILY.

Under Fed. R. Evid. 803(4), a healthcare provider may testify about statements made to him/her by a patient. However, this hearsay exception *does not* apply to statements made by healthcare providers to a patient. *See* FED.R.EVID. 803(4);*see also* Leo H. Whinery, *Courtroom Guide to the Oklahoma Evidence Code*, p. 704 (2018 Ed.). Thus, neither Plaintiff nor any of his witnesses can testify as to what any third party health care providers told them. FED.R.EVID. 803(4) and OKLA. STAT. tit. 12 § 2803(4).

Plaintiff's cited case of *United States v. Lambinus*, 747 F.2d 592 (10th Cir. 1984) is not applicable. It is a criminal case involving a conviction for unauthorized use of food stamps. It did not involve the issue of the admissibility of statements Plaintiff claimed were told to him by a doctor. As such it is not on point. On the other hand, the case of *Bulthius v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985) is more on point. There the Ninth Circuit determined that a witness testimony as to what a doctor told her was inadmissible hearsay, holding that Rule 803(4) applies only to statements made by the patient to the doctor, not the reverse. *Bulthius at 1316.*

## XIII.   TESTIMONY FROM WITNESSES NOT PROPERLY IDENTIFIED OR WITHOUT CONTACT INFORMATION.

Plaintiff has listed several witnesses without addresses or phone numbers. These witnesses are not properly identified and should be excluded from testifying, as Defendants have not had a chance to depose or interview them. Defendants also adopt by reference, as if stated herein, Defendant Smead's argument and authority on this issue, as stated in his Reply Brief.

## XIV.   MEDICAL RECORDS OR OTHER DOCUMENTS NOT ALREADY PRODUCED.

Plaintiff has not had any medical treatment since 2/19/18.  Defendants have requested supplementation of any treatment or records since that time.   No documents or information of further treatment has been produced.  Plaintiff should not now be allowed to introduce any medical records or evidence of treatment since that time, as none has been disclosed. Defendants also adopts by reference, as if stated herein, Defendant Smead's argument and authority on this issue as stated in his Reply Brief.

## XV.   ADOPTION OF CO-DEFENDANT SMEAD'S REPLY BRIEF IN SUPPORT OF THEIR MOTIONS IN LIMINE.

Defendants incorporate by reference the arguments and authorities stated in Defendant Smead's Reply Brief in support of his Motions in limine, as if stated herein, as the issues in his Reply Brief apply to these Defendants as well[1].

Respectfully submitted,

s/ Andy Artus
Andy Artus, OBA No. 16169
W.R. Moon Jr., OBA No. 32079
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
Email:     aaa@czwlaw.com
          wrm@czwlaw.com
*Attorneys for Defendants,*
*Sheriff Chris Morris, Dakota Morgan,*
*and Daniel Harper*

---

[1] In addition to the above Motions in Limine, these Defendants previously adopted and incorporated by reference Defendant Smead's Motion in Limine (found in Dkt 246).

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Spencer Bryan
Steven J. Terrill
BRYAN & TERRILL LAW, PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73013
Email: jsbryan@bryanterrill.com
        sjterrill@bryanterrill.com
*Attorneys for Plaintiff*

Robert S. Lafferrandre
Carson C. Smith
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
*Attorneys for Defendants*
*Deputy Mike Smead and*
*Deputy Edward Morgan*

s/ Andy Artus
Andy Artus