# IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| (1) | DUSTIN LANCE, | |
| | Plaintiff, | |
| v. | | Case No.: 17-CIV-378-RAW |
| (1) | BOARD OF COUNTY COMMISSIONERS OF PITTSBURG COUNTY, OKLA., *et al.* | |
| | Defendants. | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Pursuant to this Court's Scheduling Order, Plaintiff submits the following Proposed Jury Instructions.

Respectfully submitted,

BRYAN & TERRILL

  *s/J. Spencer Bryan*
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL, LAW PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73103
Tele/Fax:      (918) 935-2777
jsbryan@bryanterrill.com
*Attorneys for Dustin Lance*

**Instruction No. _____**

## STATEMENT OF THE CASE

Dustin Lance was a pretrial detainee at the Pittsburg County Jail in December 2016. On the evening of Thursday, December 15, Dustin traded his breakfast for part of another inmate's medication used for sleep. Sometime before breakfast, Dustin awoke with an involuntary erection that would not go away. This type of erection is called an ischemic priapism. The priapism caused Dustin to experience considerable pain.

Dustin contends that told every jailer he encountered about his priapism from the morning of December 16 until he was seen by the jail nurse at 9:20 a.m. on December 19. All jailers deny this.

The nurse had a jailer transport Dustin to McAlester Regional Health Center, but a physician determined he needed higher level care at St. Francis in Tulsa and instructed the jailer to immediately transport Dustin to that hospital. Instead of going to Tulsa, however, the jailer returned Dustin to the jail to release him as required by official policy. As a result, Dustin's arrival in Tulsa was delayed by several hours.

Dustin contends the delay in providing him adequate care caused injury and damages.

The Defendants deny all allegations.

**Instruction No. \_\_\_\_**

## **"INFERENCES" DEFINED**

An "inference" is a deduction or conclusion, which reason and common sense lead the jury to draw from facts, which have been established by the evidence in this case.

**Instruction No. _____**

## <u>EVIDENCE – DIRECT – INDIRECT OR CIRCUMSTANTIAL</u>

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the greater weight of all evidence in the case, both direct and circumstantial.

**Instruction No. _____**

## **NO SPECULATION**

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

**Authority:**

OUJI 3.3

**Instruction No. \_\_\_\_**

**<u>HOW TO EVALUATE THE TESTIMONY OF WITNESSES</u>**

In deciding what the facts are, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness' testimony.  In making that decision, you may take in account a number of factors, including the following:

1.  Was the witness able to see, to hear, or know the things about which the witness testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness' demeanor while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness' testimony in light of all the evidence in the case?

6.  Was the witness' testimony contradicted by what the witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether the contradiction concerns an important fact or only a small detail.

7.  Was the witness' testimony bolstered by the fact he or she has said essentially the same thing on more than one occasion?  If so, it may be reason for you to believe the testimony of that witness.

These are only some factors you may consider in whether to believe testimony.

**Instruction No. _____**

## <u>OBJECTIONS</u>

It is the duty of attorneys on each side of the case to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

When the court has sustained an objection to a question, the jury is to disregard the question, and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer.

Upon allowing testimony or other evidence to be introduced over the objection of counsel, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Instruction No. _____**

**<u>BURDEN OF PROOF – GREATER WEIGHT OF EVIDENCE</u>**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved it more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

A "preponderance of the evidence," as the term is used in these instructions, means proof that something is more likely true than not.  It does not necessarily mean the greater number of witnesses testifying to a fact or set of facts, but rather, the evidence which to your mind is most convincing and seems most probably true.

**<u>Authority</u>:**

Fed. Jury Prac. and Inst., Civil 6th Ed., § 101.41

9

**Instruction No. _____**

**<u>MULTIPLE DEFENDANTS</u>**

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are governmental entities or individuals.

**<u>Authority</u>**:

OUJI 2d. 1.62 (modified)

**Instruction No. _____**

**<u>JAILERS ARE NOT PEACE OFFICERS</u>**

Peace officers in Oklahoma are required to comply with state laws that impose certain criteria for training before the officer or deputy can be certified as a peace officer. These laws do not apply to people employed as jailers. You may not infer or assume that a jailer has any specialized training based on his job title.

**<u>Authority</u>**:

*Compare* 70 O.S. § 3311 *et seq*. (designating CLEET as training agency for "peace officers") *with* Okla. Admin. Code 310:670-5-10 (eff. Jul. 11, 2005) (identifying training requirements for jailers).

11

Instruction No. _____

## STIPULATIONS

The parties have agreed to certain facts that have been stated to you. You should, therefore, treat these facts as having been proved.

1.  The individual Defendants were acting within the scope of their employment;

2.  The individual Defendants were acting under color and authority of state law at all relevant times;

3.  The individual Defendants were not CLEET certified peace officers;

4.  The sheriff is a final policymaker for the county over jail operations;

5.  Dustin was a pretrial detainee at the Pittsburg County Jail from November 11, 2016 until his release by medical OR on December 19, 2016;

6.  Dustin presented to McAlester Regional Health Center on December 19, 2016 with an emergency medical condition;

7.  Priapism is an objectively serious medical condition;

8.  Pittsburg County had a policy or custom of not training non-medical staff on how to respond to medical emergencies when the nurse was off site;

9.  Pittsburg County had a policy or custom of releasing detainees who needed further medical attention rather than driving them to a second hospital.

**Instruction No. _____**

**<u>DEPOSITIONS</u>**

You have heard the testimony of certain witnesses by depositions, which have been received in evidence. A deposition is simply a procedure where the attorneys may question a witness under oath before a court stenographer prior to trial. This is part of the pretrial discovery process, and each side is entitled to take depositions. You must consider the deposition testimony of a witness according to the same standards you would use to evaluate the testimony of any witness given live at trial.

**<u>Authority</u>**:

Based upon jury instructions approved in *Burke v. Glanz*, Case No. 11- CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495) (Ex. 1) (affirmed by *Burke v. Regalado*, 935 F.3d 960 (10th Cir. 2019)).

**Instruction No. _____**

## <u>SEPARATE CLAIMS</u>

The Plaintiff in this case asserts different claims against different Defendants.  Each of these claims and the evidence applicable to them is to be considered separately.

**Instruction No. _____**

**FOURTEENTH AMENDMENT**
**<u>RIGHT TO ADEQUATE MEDICAL CARE</u>**

The Fourteenth Amendment to the United States Constitution requires those who accept persons for pretrial detention to provide those people with adequate medical care. A pretrial detainee is not permitted to leave the jail on his own to obtain care, and he cannot, by reason of his deprivation, care for himself.

The government and its employees also violate a detainee's constitutional right to adequate medical care under the Fourteenth Amendment if, though actions or a failure to act, the government or its employees delay the provision of adequate medical care and that delay results in any one of the following:

    (1)     considerable pain;

    (2)     a worsening condition; or

    (3)     a permanent injury or lifelong handicap.

A Defendant may not escape liability because medical care was eventually provided, and there is no requirement that Plaintiff prove delay by any set time; even a brief delay can violate a person's constitutional rights.

**<u>Authority</u>**:

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[I]t is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself."); *Estate of Booker v. Gomez*, 745 F.3d 405, 432-433 (10th Cir. 2014), *Mata v. Saiz*, 427 F.3d 745, 751-756 (10th Cir. 2005)

**Instruction No. _____**

**FOURTEENTH AMENDMENT**
**DELIBERATE INDIFFERENCE – DEFINED**
**DELAY OR DENIAL OF MEDICAL CARE**

An individual violates the right to adequate medical care when that person exhibits deliberate indifference to a serious medical need that delays or denies adequate medical care.

To prove that any individual Defendant was deliberately indifferent towards providing adequate medical care, Plaintiff must prove the following by a preponderance of the evidence:

(1)   That Dustin Lance's medical condition was objectively serious; this element is satisfied;

(2)   A Defendant had subjective knowledge of Dustin's objectively serious medical condition;

(3)   A Defendant did not take reasonable available measures to respond to the risk; and

(4)   By not taking such measures, Defendant caused Dustin's injuries or prolonged his suffering.

**Authority**:

*Lance v. Morris*, 985 F.3d 787, 794 (10th Cir. 2021)

16

**Instruction No. _____**

## **OBJECTIVELY SERIOUS CONDITION – DEFINED**

To prove deliberate indifference, Plaintiff must show that he suffered from an objectively serious medical condition. A medical need is sufficiently serious if:

(1)     a physician directed further treatment after diagnosing the condition; or

(2)     the need for a doctor's attention would be obvious to a lay person.

Plaintiff's priapism satisfies this element.

**Authority**:

*Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021) (*citing Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018)).

**Instruction No. _____**

## <u>SUBJECTIVE KNOWLEDGE – DEFINED</u>

Plaintiff is not required to prove subjective knowledge through direct evidence; he may prove subjective knowledge entirely through inferences taken from circumstantial evidence.

You may conclude that a Defendant knew of a substantial risk from the very fact that the risk was obvious. If a risk is so obvious that a reasonable person would realize it, you may infer that the Defendant did, in fact, realize it. Although a Defendant is permitted to show that the obviousness escaped him, he cannot escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of the risk that he strongly suspected to exist.

<u>**Authority**</u>:

*Farmer v. Brennan*, 511 U.S. 825, 842-843 (1994)

18

**Instruction No. _____**

**<u>REASONABLE RESPONSE – DEFINED</u>**

A jail official responds to an objectively serious risk of harm in an unreasonable manner if a reasonable jail official in his position would know of ways to reduce the harm but the jail official in question declined to act.

In determining whether a jail official acted reasonably, you may consider what actions he took, if any, as well as available alternatives that might have been known to him. Regardless of how a jail official becomes subjectively aware of a substantial risk of serious harm to a detainee-and even in situations where the detainee himself remains oblivious to the potential harm-the Fourteenth Amendment requires him to respond reasonably.

<u>Authority</u>:

*Howard v. Waide*, 534 F.3d 1227, 1237-1240 (10th Cir. 2008), *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 620 (11th Cir.2007); *see also Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir.1997).

**Instruction No. _____**

## ACT OR OMISSION - DEFINED

Section 1983 does not require the plaintiff to demonstrate that a defendant acted willfully, or with the specific intent to violate a plaintiff's federally protected rights. Nor is the plaintiff required to show that a defendant abused governmental power.

It is not necessary for the plaintiff to present direct evidence of a defendant's culpable knowledge, motive or intent. Plaintiff's case may be built entirely upon circumstantial evidence and the inferences drawn therefrom.

Finally, the plaintiff need not show that a jail official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.

**Authority**:

*Farmer v. Brennan,* 511 U.S. 825, 842 (1994)*, Ramirez v. Oklahoma Department of Mental Health*, 41 F.3d 584, 596 (10th Cir. 1994), *Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990), *Winton v. Bd. of County Comm. of Tulsa County*, 88 F.Supp.2d 1247, 1260 (N.D. Okla. 2000).

20

**Instruction No. _____**

**CAUSATION - DEFINED**

For liability under section 1983, direct participation is not necessary. Any official who causes a citizen to be deprived of her constitutional rights can also be held liable.

The requisite causal connection is satisfied if the defendant personally caused the deprivation, or alternatively, set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights.

An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the act or omission. If an injury was a direct or a reasonably probable consequence of conduct, it was proximately caused by that conduct. In other words, if the Defendant's acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damages. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to proximately cause an injury.

**Authority**:

*Halley v. Huckaby et al.,* 902 F.3d 1136, 1148 (10th Cir. 2018) (cert. denied); *Buck v. City of Albuquerque*, 549 F.3d 1269, 1279-80 (10th Cir. 2008), *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir.1990)).

Instruction No. _____

## FOURTEENTH AMENDMENT
## MUNICIPAL LIABILITY

Plaintiff's claims against Pittsburg County are based on a municipal liability theory. A governmental entity, like Pittsburg County, is responsible when an injury is inflicted through the execution of its policies or customs; it may not be held liable under Section 1983 solely because its employee or agent may have caused an injury.

Plaintiff has alleged Pittsburg County had two policies or customs that deprived him of a constitutional right:

1.     A policy or custom of failing to adequately train non-medical staff on how to respond to medical emergencies when the nurse was off site;

2.     A policy or custom of releasing detainees who needed further medical attention rather than driving them to a second hospital;

To establish the municipal claim against Pittsburg County, Plaintiff must prove the following elements by a preponderance of the evidence:

1.     The existence of a county policy or custom;

2.     The policy or custom proximately caused an injury or damages; and

3.     The county adopted the policy or custom with "deliberate indifference" as defined later in these instructions.

**Authority**:

*Lance v.* Morris, 985 F.3d 787, 800 (10th Cir. 2021); Barney *v. Pulsipher,* 143 F.3d 1299, 1307, 1308, n. 5 (10th Cir. 1998); *Garcia v. Salt Lake County,* 768 F.2d 303, 310 (10th Cir. 1985); and based upon jury instructions approved by the Court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

Instruction No. _____

**OFFICIAL POLICY OR CUSTOM - DEFINED**

An official policy or custom may take the form of any of the following:

(a)     A formal policy;

(b)     An informal custom amounting to a persistent, widespread practice that is so permanent and well-settled as to constitute a custom with the force of law;

(c)     Decisions of employees with final policymaking authority;

(d)     Pre-incident ratification of conduct by such final policymakers of the decisions of subordinates to whom authority was delegated subject to those policymakers' review and approval, or a final policymaker's post-incident ratification of conduct as being consistent with policy or practice;

(e)     The failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused

**Authority**:

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010); *Paul v. City of Altus*, 141 F.3d 1185, at *2-3 (10th Cir. 1998) (denying defendant city's motion for summary judgment where officer's incident report stated that the defendant officer's action was consistent with training); *Reilly v. City of Providence ex rel. Napolitano*, 2013 WL 1193352, at *11 (D.R.I. Mar. 22, 2013) (finding municipal policy or custom sufficient to establish liability of City of Providence on the basis of testimony of chief policy making official affirming that the unconstitutional conduct alleged was "proper and uniform practice" and that the challenged conduct of the defendant police officers was in conformity therewith); *Parker v. Town of Swansea*, 270 F.Supp.2d 92, 101 (D. Mass. 2003) (denying the defendant town's motion for summary judgment where an officer testified that the defendant officer's action was "in accordance" with police training and that "he would have done the same thing"); *see also* Jury Instructions approved by the Court in *Burke v. Glanz*, Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

23

**Instruction No. _____**

## <u>FINAL POLICYMAKER  - DEFINED</u>

In this case, it is undisputed that the sheriff is the final policymaker for jail operations. In this case, Pittsburg County is responsible for the acts or omissions of the sheriff who is sued in his official capacity only. A claim asserted in an official capacity is, in all respects other than name, a claim against the municipal entity and not the individual.

<u>**Authority**</u>:

*Prince v. Sheriff of Carter Cty.*, 28 F.4th 1033, 1048 (10th Cir. 2022) ("An official capacity suit 'is, in all respects other than name, to be treated as a suit against the entity.'" (*quoting Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted))

Instruction No. _____

## PROXIMATE CAUSE – DEFINED

An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the act or omission. If an injury was a direct or a reasonably probable consequence of conduct, it was proximately caused by that conduct. In other words, if the Defendant's acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

The requisite causal connection is satisfied if a Defendant set in motion a series of events that the Defendant knew or reasonably should have known would cause others to violate Plaintiff's constitutional rights. In order to recover damages for any injury, Plaintiff must show that such injury would not have occurred without the conduct of the Defendant. If you find that the Defendant has proved, by a preponderance of the evidence, that Plaintiff's injuries would have occurred even in the absence of the Defendant's conduct, you must find that that Defendant did not proximately cause Plaintiff's injuries.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damages. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to proximately cause an injury.

**Authority**:

*Halley v. Huckaby*, 902 F.3d 1136, 1148 (10th Cir. 2018); based upon jury instructions approved by the Court in *Burke v. Glanz,* Case No. 11- CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

**Instruction No. \_\_\_\_**

## **DELIBERATE INDIFFERENCE – MUNICIPAL LIABILITY**

Plaintiff's claims against Pittsburg County are based on a municipal liability theory. Deliberate indifference is defined differently for Fourteenth Amendment and municipal liability purposes.

In the municipal liability context, deliberate indifference is shown where the risk is so obvious that the governmental entity should have known of it. The deliberate indifference standard may be satisfied when the governmental entity, such as the Sheriff, has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.

**Authority**:

*Barney v. Pulsipher*, 143 F.3d 1299, 1307, 1308, n. 5 (10th Cir. 1998); *Garcia v. Salt Lake County*, 768 F.2d 303, 310 (10th Cir. 1985); and based upon jury instructions approved by the Court in *Burke v. Glanz*, Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

Instruction No. _____

**DELIBERATE INDIFFERENCE – CIRCUMSTANTIAL EVIDENCE OF POLICY**

Plaintiff may prove the existence of an unlawful practice through circumstantial evidence, including post-incident conduct of a final policymaker. Plaintiff may establish approval by a final policymaker by establishing by a preponderance of the evidence that:

1.      The absence of any discipline imposed;

2.      The absence of new policies;

3.      The lack of new training;

**Authority**:

*Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009) (*citing Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985) ("The disposition of the policymaker may be inferred from his conduct after the [violation occurred]"). "As subsequent conduct may prove discriminatory motive in a prior employment decision, and subsequent acts may tend to prove the nature of a prior conspiracy, so the subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy." *Grandstaff*, 767 F.2d at 171 (citations omitted).

**Instruction No. \_\_\_\_**

**POLICY OR CUSTOM – INADEQUATE TRAINING**

To prevail on a claim for inadequate training, Plaintiff must prove the following by a preponderance of the evidence:

(1) The existence of a county policy or custom involving deficient training;

(2) The policy or custom's causation of an injury;

(3) The county's adoption of the policy with deliberate indifference.

In this context, Plaintiff may establish the deliberate indifference prong by proving the following by a preponderance of the evidence:

(a) The county's policymakers know to a moral certainty that their employees will confront a given situation;

(b) The situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult;

(c) The wrong choice . . . will frequently cause the deprivation of a citizen's constitutional rights.

**Authority**:

*Lance v. Morris*, 985 F.3d 787 (10th Cir. 2021); *Walker v. New York*, 974 F.2d 293 (2d. Cir. 1992)

**Instruction No. \_\_\_\_**

## <u>POLICY OR CUSTOM – RELEASE POLICY</u>

To prevail on his claim that Pittsburg County has an unconstitutional policy to release detainees in need of medical care, Plaintiff must establish the following by a preponderance of the evidence:

(1)     The existence of a county policy or custom;

(2)     The policy or custom's causation of an injury;

(3)     The county's adoption of the policy with deliberate indifference.

In this context, Plaintiff may establish the deliberate indifference prong by proving any of the following by a preponderance of the evidence:

(1)     actual or constructive notice that a policy or custom is substantially certain to cause a constitutional violation and the municipality disregards the risk; or

(2)     That a constitutional violation is a highly predictable or plainly obvious consequence of following the policy or custom.

<u>**Authority**</u>:

*Lance v. Morris*, 985 F.3d 787, 803-804 (10th Cir. 2021); *Olsen v. Layton Hills Mall*, 32 F.3d 1304, 1318 (10th Cir. 2002). "Notice can be established through a 'pattern of tortious conduct' or 'if a violation of federal rights is a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction." *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022).

**Instruction No. _____**

**<u>DAMAGES</u>**

If you find that Plaintiff has proved by a preponderance of the evidence the Section 1983 claims against any Defendant, you must then decide whether to award damages. You should not reach the issue of damages unless you find that the Plaintiff has established liability of one or more of the Defendants.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.

**<u>Authority</u>**:

Based upon jury instructions approved by the Court in *Burke v. Glanz*, Case No. 11- CV-0720- JED-PJC (N.D.Okla.) (Dkt. #495).

**Instruction No. ____**

## **NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Authority**:

*Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (involving violation of procedural due process).

**Instruction No. _____**

## COMPENSATORY DAMAGES

If you find in favor of the plaintiff, you may award damages only for those injuries that you find the plaintiff has proven by a preponderance of evidence to have been the result of conduct by the Defendants. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation.  Thus, even if you find that the defendants deprived plaintiff of his rights, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that he claims he suffered.  If you find in favor of plaintiff on the civil rights claim, but do not find any actual damages have been proven, you shall nonetheless award him nominal damages in the sum of one dollar ($1.00).

In determining the amount of actual damage for a civil rights violation, if any, you may consider:

1.      Dustin's physical pain and suffering since December 16, 2016;

2.      Dustin's mental pain and suffering since December 16, 2016;

3.      Dustin's future pain and suffering;

4.      Impairment of the familial relationship;

5.      Dustin's age;

6.      Dustin's physical and mental condition before and after the injury;

7.      The nature and extent of his injuries;

8.      Whether the injuries are permanent;

9.      Any physical or mental impairment;

10.     The reasonable expenses of the necessary care, treatment, and services, rendered, if any.

32

**Instruction No. \_\_\_\_**

## <u>DELIBERATIONS AND VERDICT</u>

Ladies and Gentlemen of the jury, this case is now submitted to you for your decision and verdict. When you go to the jury room to begin considering the evidence in this case, you should first select one of the members of the jury to act as your foreperson. This person will help to guide your discussions in the jury room.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. After you have reached a unanimous agreement on your verdict, your foreperson alone will sign it; and you will, as a body, return with it into court.

Forms of verdict will be furnished for your consideration and use. You will be provided two verdict forms, from which you must choose one. If you find for Plaintiff against one or more of the Defendants, you shall complete the form that is labeled "Verdict Form - For Plaintiff." If you find in favor of all Defendants, complete the form that is labeled "Verdict Form - For Defendants."

During your deliberations, you must not communicate with or provide any information to anyone, except other jurors, about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Linkedin, YouTube, Snap Chat, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If, during your deliberations, it becomes necessary to communicate with the Court, you may send a note by the bailiff. Bear in mind that you are not to reveal to the Court, or to any person, how the jury stands, numerically or otherwise, until you have reached your verdict.

**VERDICT FORMS**

# IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF OKLAHOMA

(1)     DUSTIN LANCE,

        Plaintiff,

v.                                                              Case No.: 17-CIV-378-RAW

(1)     BOARD OF COUNTY
        COMMISSIONERS OF
        PITTSBURG COUNTY, OKLA.,
        *et al.*

        Defendants.

**VERDICT FORM – FOR PLAINTIFF**

## QUESTION NO. 1

We, the jury empaneled in the above-referenced case, find that Plaintiff has proven by a preponderance of the evidence, his claim or claims against the following Defendants:

(Check all that apply and continue to the next question)

1.     Mike Smead                          _____

2.     Dakota Morgan                      _____

3.     Daniel Harper                        _____

4.     Pittsburg County (Morris)      _____

**QUESTION NO. 2**

For each person or entity with a check mark next to their name above, identify whether you award Plaintiff nominal damages:

Yes or No

1.      Mike Smead                              _____

2.      Dakota Morgan                        _____

3.      Daniel Harper                          _____

4.      Pittsburg County (Morris)        _____


**QUESTION NO. 3**

For each person or entity with a check mark next to their name in response to Question No. 1, identify the amount of compensatory damages you award Plaintiff:

1.      Mike Smead                              $_____

2.      Dakota Morgan                        $_____

3.      Daniel Harper                          $_____

4.      Pittsburg County (Morris)        $_____


_____
Foreperson for the jury