# IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF OKLAHOMA

(1)    DUSTIN LANCE,

        Plaintiff,

    v.

(2)    CHRIS MORRIS, Sheriff of Pittsburg County, Okla., in his Official Capacity., *et al.*

        Defendants.

Case No.: CV-17-378-RAW

## PRETRIAL ORDER

The Pretrial Conference in this matter was held on April 13, 2023. The following counsel appeared on behalf of the parties:

| |
|---|
| J. Spencer Bryan<br>Steven J. Terrill<br>BRYAN & TERRILL LAW<br>jsbryan@bryanterrill.com<br>sjterrill@bryanterrill.com<br><br>Daniel Smolen<br>Smolen & Roytman<br>danielsmolen@ssrok.com<br>***Attorneys for Plaintiff*** |
| W.R. Moon Jr.<br>Andy Artus<br>wrm@czwlaw.com<br>aaa@czwlaw.com<br>COLLINS, ZORN, & WAGNER, P.L.L.C.<br>***Attorneys for Defendants, Sheriff Chris Morris, Dakota Morgan, and Daniel Harper*** |

Carson C. Smith
Braden Hoffmann
PIERCE COUCH HENDRICKSON
csmith@piercecouch.com
bhoffmann@piercecouch.com
***Attorneys for Defendant Mike Smead***

Following the pretrial conference held before the court, IT IS SO **ORDERED:**

I.      This is an action for:

      **A.       Plaintiff asserts the following causes of action:**

This is an action for the deprivation of federal constitutional rights actionable pursuant to 42 U.S.C. § 1983 by Defendants Chris Morris, Sheriff of Pittsburg County in his official capacity only and Mike Smead, Dakota Morgan and Daniel Harper in their individual capacities.

Specifically, Plaintiff alleges that Smead, Dakota Morgan, and Daniel Harper exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff Dustin Lance when they did nothing in response to his considerable pain from a prolonged and unwanted erection.

Plaintiff further contends that Sheriff Chris Morris, in his official capacity, maintained an official policy or practice to include inadequate training that delayed his receipt of physician ordered medical care in a manner that caused him to unnecessarily suffer considerable pain.

There are no longer any surviving claims against Stephen Sparks, Edward Morgan, Joel Kerns, Dr. Gary Lee, and McAlester Regional Health Center Authority.

      **B.       Defenses to each cause of action:**

      **1.       Defendant Smead**

    1.    Defendant is entitled to qualified immunity
    2.   Defendant did not institute any police or practice which led to the harm suffered by Plaintiff.

3.   Defendant was not deliberately indifferent to any serious risk of harm or to any serious medical need.

4.   Defendant's actions or inactions did not violate any constitutional rights of Plaintiff or Plaintiff.

5.   Plaintiff's injuries and damages were caused only by his own actions or omissions.

6.   Any damages to the Plaintiff were caused, in whole or in part, by Plaintiff himself.

7.   Any damages to the Plaintiff may have caused by an underlying condition of Plaintiff not caused by or known to Defendant.

8.   There is a lack of causation between any actions or omissions of Defendants and Plaintiff's damages, such as his inability to have a natural erection.

9.   If Defendant was informed of Plaintiff's serious medical need, he was informed after the time at which medical intervention could have prevented the damages of which Plaintiff complains.  Hence, lack of proximate causation as to Defendant.

10.   Defendant did not violate Plaintiff's clearly established, constitutional rights.

11.   This Defendant's actions or omission was not a moving force of any constitutional violation and injury.

12.   Any award of punitive damages based upon any standard of proof is less than "clear and convincing evidence" and would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

13.   Failure to mitigate damages.

14.   Defendant is entitled to settlement credit or an offset regarding any settlement with any other party in this case pursuant to 12 O.S. § 832(H) and/or federal common law.

15.   Actions of other individuals or entities may constitute an intervening or supervening cause.

### 2.   Defendants Sheriff Chris Morris, in his Official Capacity, Daniel Harper, and Dakota Morgan:

Defendants Sheriff Chris Morris, in his official capacity (hereinafter "Morris"), Daniel Harper (hereinafter "Harper"), Dakota Morgan (hereinafter "D. Morgan"), deny the allegations of Plaintiff. Defendants Harper, D. Morgan, contend they were not aware nor informed by Plaintiff that he ingested contraband/Trazadone or of his alleged medical condition. Defendants Harper, D. Morgan, also assert they were not deliberately indifferent to Plaintiff's medical needs and they are entitled to qualified immunity. Defendant Morris further asserts Pittsburg County Jail policies, practices and/or customs, training, and supervision were adequate and did

not cause a Pittsburg County Jail employee to act with deliberate indifference. Defendants Morris, Harper, and D. Morgan further assert:

## **Defenses Common to Defendants Morris, Harper, and D. Morgan:**

1.  None of Plaintiff's constitutional rights were violated by any act or omission of Defendants Morris, Harper, D. Morgan, or any of their former agents or employees.

2.  Defendants Morris, Harper, and D. Morgan, had no personal participation in any of the acts alleged herein.

3.  Any delay of medical care was caused by Plaintiff's failure to notify jailers or medical staff of his medical need.

4.  Plaintiff failed to exhaust his administrative remedies prior to bringing this lawsuit.

5.  Defendants Morris, Harper, and D. Morgan were not deliberately indifferent to any substantial risk of harm to Plaintiff.

6.  The evidence will not establish the culpable state of mind of deliberate indifference on behalf of Defendants Morris, Harper, D. and Morgan.

7.  Defendants Morris, Harper, and D. Morgan were not deliberately indifferent toward Plaintiff's alleged serious medical needs.

8.  No act or omission by Defendants Morris, Harper, and/or D. Morgan caused Plaintiff's injuries or alleged constitutional violations.

9.  The evidence will show that the actions of Defendants Morris, Harper, and D. Morgan were not willful or wanton.

10. Any care or treatment, which is attributed to Defendants Harper, and D. Morgan was at all times and in every manner proper and within the standard of applicable care.

11. Any damages allegedly suffered by the Plaintiff were caused by other unrelated physical or mental or personal conditions of the Plaintiff for which Defendants Morris, Harper, and D. Morgan were not responsible.

12.     Any damages allegedly suffered by the Plaintiff were caused by other unrelated conditions or the result of unforeseeable or unavoidable complications.

13.     Any damages allegedly suffered by the Plaintiff as a result of medical care or services provided by Defendants Morris, Harper, and D. Morgan, are barred by the doctrines of unanticipated and unavoidable complications, intervening and supervening causes and/or comparative negligence.

14.     Defendants Morris, Harper, D. and Morgan are entitled to settlement credit or an offset should Plaintiff settle with any of the other Defendants, pursuant to Okla. Stat. tit. 12 § 832(H) and/or federal common law.

15.     Defendants Morris, Harper, and D. Morgan are exempt for liability for any alleged constitutional violation under 42 U.S.C. § 1983.

16.     To the extent Plaintiff is seeking punitive or exemplary damages, they are not available against Defendants Morris, Harper, and D. Morgan.

17.     Plaintiff's injuries and damages were caused only by his own actions or omissions.

18.     If Defendant was informed of Plaintiff's serious medical need, he was informed after the time at which medical intervention could have prevented the damages.

## **Additional Defenses for Defendant Morris:**

1.      Defendant Morris cannot be held liable for any constitutional violation resulting from the acts of agents, servants or employees under the doctrine of *respondeat superior* or vicarious liability.

2.      Defendant Morris has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement, decision, or practice officially adopted by Defendant Morris or found in a pattern of persistent practices known to or approved by Defendant Morris which caused any violation of Plaintiff's constitutional rights.

3.    Defendant Morris has properly and adequately trained and supervised the employees of the Pittsburg County Detention Center and has been properly trained.

4.    The supervising and training of the individual employees of the Pittsburg County Detention Center did not cause any violations of Plaintiff's constitutional rights.

5.    Defendant Morris was not an employee of Pittsburg County nor was he the elected Sheriff in November and December of 2016. To the extent any of Sheriff Morris' actions are at issue, he was acting within the scope of employment at all times.

6.    The evidence will show that there was no clear and consistent pattern of denial of medical care at the Pittsburg County Detention Center and that Defendant Morris was not aware of any clear and consistent pattern of denial of medical care at the Pittsburg County Detention Center, and that the Defendant Morris did not and would not approve of any pattern of denial of medical care at the Pittsburg County Detention Center.

**Additional Defenses for Defendants Harper and D. Morgan:**

1.    Defendants Harper and D. Morgan are entitled to qualified immunity

2.    Defendants Harper and D. Morgan were properly trained and supervised.

3.    Defendants Harper, and D. Morgan's actions or inactions were made in good faith

4.    Plaintiff never reported his alleged medical condition to Defendants Harper, and D. Morgan.

5.    Defendants Harper and D. Morgan were not aware, or made aware, that Plaintiff had a serious medical need.

6.    Any award of punitive damages based upon any standard of proof is less than "clear and convincing evidence" and would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

II.    Remedies:

Cause of action no. 1: Deliberate indifference – Inadequate training

    a) Compensatory damages for loss of enjoyment/intimacy, humiliation/grief/loss of dignity, pain and suffering: $5,761,100

        1)  Chris Morris in his official capacity

    b) Nominal damages      $1.00

        1)  Chris Morris in his official capacity

Cause of action no. 2: Unconstitutional policy/practice to delay adequate medical care

    a) Compensatory damages for loss of enjoyment/intimacy, humiliation/grief/loss of dignity, pain and suffering: $5,761,100

        1)  Chris Morris in his official capacity

    b) Nominal damages      $1.00

        1)  Chris Morris in his official capacity

Cause of action no. 3: Deliberate indifference – serious medical need

    a) Compensatory damages for loss of enjoyment/intimacy, humiliation/grief/loss of dignity, pain and suffering: $5,761,100

        1)  Mike Smead
        2)  Dakota Morgan
        3)  Daniel Harper

    b) Nominal damages      $1.00

        1)  Mike Smead
        2)  Dakota Morgan
        3)  Daniel Harper

c) Punitive damages       $100,000

1) Mike Smead
2) Dakota Morgan
3) Daniel Harper

III.     Federal jurisdiction is invoked upon the ground:

42 U.S.C. § 1983.

IV.     The following facts, and issues of law, are admitted and require no proof:
Here list each admitted fact, including jurisdictional facts, or issues of
law.

1.      Jurisdiction;
2.      Venue;
3.      Dustin Lance was confined at the Pittsburg County Jail from
November 11, 2016 through December 19, 2016;
4.      Joel Kerns was the sheriff of Pittsburg County in December
2016;
5.      Mike Smead was a sergeant at the Pittsburg County Jail in
December 2016;
6.      Dakota Morgan was a jailer at the Pittsburg County Jail in
December 2016;
7.      Daniel Harper was a jailer at the Pittsburg County Jail in
December 2016;
8.      Doris Crawford was the nurse at the Pittsburg County Jail in
December 2016;
9.      During November and December of 2016, Dustin Lance was
not prescribed Trazadone.
10.     During November and December of 2016, Dustin Lance did
not receive Trazadone through a pill pass by jailers or from
any other employee of the Pittsburg County Jail.
11.     At times during November 11, 2016 through December 14,
2016, and while at the Pittsburg County Jail, Plaintiff
consumed Trazadone that he received from another inmate.

8

12.     Dustin Lance was transported from the Pittsburg County Jail to McAlester Regional on December 19, 2016;

13.     Dustin was a pretrial detainee throughout his detention at the Pittsburg County Jail;

V.      The reservations as to the facts recited in Paragraph IV are as follows:

None.

VI.     The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

None.

VII.    The parties agree the following issues of fact, and no others, remain to be litigated upon the trial:

1.      Whether Dustin Lance informed the sergeants and jailers of his priapism and pain prior to meeting with the nurse on December 19, 2016, and if so, what he told each regarding his erection, the duration of it, and his condition?

2.      Whether adequate training was provided to the sergeants and jailers to respond to Dustin Lance's medical condition?

3.      Whether there were adopted policies or practices that delayed or denied adequate medical care to Dustin Lance?

4.      Whether Chris Morris in his official capacity had policies or practices in place that denied Dustin Lance adequate medical care?

5.      Whether any Defendant exhibited deliberate indifference to Plaintiff's serious medical needs?

6.      Whether any Defendant exhibited deliberate indifference to a substantial risk of serious harm confronting Plaintiff?

7.      Whether any Defendant delayed medical treatment with deliberate indifference responding to a substantial risk of serious harm confronting Plaintiff?

8.      Whether any delay, if proven, resulted in any substantial harm to Plaintiff?

9.      If Daniel Harper, Dakota Morgan, Mike Smead, were deliberately indifferent to Plaintiff's medical needs, whether

9

adequate training was provided to Daniel Harper, Dakota Morgan, Mike Smead?

10. If not, whether the need for more or different training was obvious to and the inadequacy likely to result in a violation of constitutional rights?

11. Regardless of the culpability of any one Defendant, whether County Policymakers knew to a moral certainty that a denial or delay of adequate medical care was a highly predictable or plainly obvious consequence of the training provided at the Pittsburg County Jail as it existed in December 2016?

12. If Daniel Harper, Dakota Morgan, Mike Smead, were deliberately indifferent to Plaintiff's medical needs, whether there were policies or practices that delayed or denied adequate medical care to Dustin Lance?

13. If Daniel Harper, Dakota Morgan, Mike Smead, were deliberately indifferent to Plaintiff's medical needs, whether Chris Morris, in his official capacity, had policies or practices in place that caused them to deny Plaintiff medical care?

14. Regardless of the culpability of any one Defendant, whether a denial or delay of adequate medical care was a highly predictable or plainly obvious consequence of the policies and practices at the Pittsburg County Jail as it existed in December 2016?

15. Whether Plaintiff suffered any compensable damages?

16. Whether any Defendant sued in his individual capacity engaged in conduct that warrants an award of punitive damages?

Additionally, Defendant Smead contends that the following issues of fact remain to be litigated upon the trial:

1. Whether the individual Defendants are entitled to qualified immunity under the first prong of the qualified immunity analysis?

2. What Lance conveyed to each jailer or sergeant about his medical condition and when and how this was so conveyed?

3. Whether any deliberate indifference, if proven, was the proximate cause of Plaintiff's claimed injuries.

4. Whether Plaintiff's own actions or omissions were a proximate or contributing cause of his claimed injuries.

10

5.          Whether Plaintiff took reasonable steps, and what steps were taken, to attempt to mitigate his damages.

Additionally, Defendants Morris, D. Morgan, and Harper contend that the following issues of fact remain to be litigated upon the trial:

1.          Whether Defendants Smead, D. Morgan, or Harper recognized that Plaintiff was suffering from a serious medical conditions and then with deliberate indifference denied Plaintiff medical care (i.e. was there an underlying constitutional violation of denial of medical care)?

2.          If there was an underlying constitutional violation of denial of medical care, was that violation caused by a policy or custom of Sheriff Morris, in his official capacity?

3.          If a policy or custom of Sheriff Morris, in his official capacity was the cause of the underlying constitutional violation was Sheriff Morris, in his official capacity, deliberately indifferent?

VIII.    This section shall include a separate exhibit list for each party.

## A. Agreed Joint Exhibit List

| Exhibit List No. | Agreed Joint Exhibit Description | Objections |
|---|---|---|
| 1. | JOINT Ex 1 (formerly D-1) as redacted, PCSO Jail File for Plaintiff (DDR #2, 1-12) | |
| 2. | JOINT Ex. 2 as redacted, St. Francis Medical Records for Plaintiff | |
| 3. | JOINT Ex 3 (formerly D-4) as redacted, PCSO Jail Medical File for Plaintiff (DDR #2, 28-41) | |
| 4. | JOINT Ex 4 (formerly D-4) 001-014 PCSO Male Tower Logs 121516 to 122016 DDR 2, 53-66 | |
| 5. | JOINT Ex 5 (formerly D-5) 001-014 PCSO Booking Log Book 121516 to 121916 DDR 2, 67-80 | |

11

| | | |
|---|---|---|
| 6. | JOINT Ex 6 (formerly D-14) 001-027 City Telecoin recs DDR2, 20-27 | |
| 7. | JOINT Ex 7 (formerly D-15) PCSO Time Sheet-Doris Crawford DDR16, 1 | |
| 8. | JOINT Ex 8 (formerly D-6) PCSO Time Sheet Daniel Harper DDR16, 5 | |
| 9. | JOINT Ex 9 (formerly D-8) PCSO Time Sheet Dakota Morgan DDR16, 11 | |
| 10. | JOINT Ex 10 (formerly D-10) PCSO Time Sheet Mike Smead DDR16, 17 | |
| 11. | JOINT Ex 11 (formerly D-11) PCSO Time Sheet Stephen Sparks DDR16, 18 | |
| 12. | JOINT Ex 12 (formerly D-30) PCSO Time Sheet-Edvardo Walker DDR16, 22 | |
| 13. | JOINT Ex 13 (formerly D-17) PCSO Time Sheet Julian Wheeland DDR16, 22 | |
| 14. | JOINT Ex 14 (formerly D-9) PCSO Time Sheet Edward Morgan DDR16, 12 | |
| 15. | JOINT Ex 15 (formerly D-13) PCSO Time Sheet-Melinda Penrod DDR16, 15 | |
| 16. | JOINT Ex 16 (formerly D-19) PCSO Time Sheet John Perteet DDR16, 15 | |
| 17. | JOINT Ex 17 (formerly D-7) PCSO Time Sheet Dylan Harnley DDR16, 6 | |
| 18. | JOINT Ex 18 (formerly D-18) PCSO Time Sheet-Homer McOwen DDR16, 10 | |
| 19. | JOINT Ex 19 (formerly D-16) PCSO Time Sheet Kyle Halyard DDR16, 3 | |
| 20. | JOINT Ex 20 (formerly P-46) Time Sheet-Kristie Parent | |
| 21. | JOINT Ex 21 (formerly P-47) - Time Sheet-Paula Weaver | |
| 22. | JOINT Ex 22 (formerly P-48) Time Sheet-Timothy Ward | |
| 23. | JOINT Ex 23 (formerly D-12) Pertinent Portions of the PCSO Policies and Procedures DDR2 42-52 & DDR1 1-13 | |
| 24. | JOINT Ex 24 (D-20) as redacted 1-54 MRHC Records on Plf DX1 0096-DX1 0149 | |
| 25. | JOINT Ex 25 (formerly D-25) as redacted, 001-016 Urologic Specialists (with Exhibit 3 from Dr. Confer's deposition) | |

B.          Plaintiff's Exhibits

| No. | Exhibit | Objection |
|---|---|---|
| 1. | 2016 ACCO-SIG Certificate of Participation for Pittsburg County | Objection. Liability Insurance. FRE 411. **This evidence has been excluded based upon the Court's ruling on Plaintiff's MIL** **Consistent with the discussion at pretrial, this evidence is not going to be brought into trial unless Defendants bring up the inability to pay.** |
| 2. | Audio of Interview – Edvardo Walker | Objection. Relevancy, unfairly prejudicial. FRE 401, 402, 403; Authenticity. FRE 901. Hearsay FRE 801, 802. **This evidence has been excluded based upon the Court's ruling on Plaintiff's MIL** **Consistent with the discussion at the pretrial, this evidence will be considered as potential impeachment evidence and subject to the Court's ruling at that time.** |
| 3. | Oklahoma Jail Standards | Objection. Relevancy, wasting time, confusing the issues. FRE 401, 402, 403; **Consistent with the discussion at the pretrial, this evidence could be introduced as potential objective criteria of a standard for purposes of establishing deliberate indifference.** |
| 4. | Photographs from Jail Inspection | |
| 5. | Anatomical drawings or other demonstratives of the penis | Objection. Relevancy, wasting time, confusing the issues. FRE 401, 402, 403; Hearsay FRE 801, 802. |
| 6. | Calendars from November 2016 to January of 2017 | |
| 7. | Life Expectancy Tables from the Social Security Administration | Objection. Relevancy FRE 401, 402, 403; Authentication, FRE 901; Hearsay FRE 801, 802. **Consistent with the** |

| | | |
|---|---|---|
| | | discussion at the pretrial, this evidence is self-authenticating from a governmental website and subject to the Court's ruling at the time of introduction. |
| 8. | PCSO Inmate Summary Report for December 15, 2016 | Objection. Relevancy, confusing the issues, misleading the jury, wasting time, unfairly prejudicial. FRE 401, 402, 403. |
| 9. | PCSO Inmate Summary Report for December 16, 2016 | Objection. Relevancy, confusing the issues, misleading the jury, wasting time, unfairly prejudicial. FRE 401, 402, 403. |
| 10 | PCSO Inmate Summary Report for December 17, 2016 | Objection. Relevancy, confusing the issues, misleading the jury, wasting time, unfairly prejudicial. FRE 401, 402, 403. |
| 11 | PCSO Inmate Summary Report for December 18, 2016 | Objection. Relevancy, confusing the issues, misleading the jury, wasting time, unfairly prejudicial. FRE 401, 402, 403. |
| 12 | PCSO Inmate Summary Report for December 19, 2016 | Objection. Relevancy, confusing the issues, misleading the jury, wasting time, unfairly prejudicial. FRE 401, 402, 403. |
| 13 | Exhibits listed by Defendants not objected to by Plaintiff | |

### C.        Defendants Morris, Harper,  D. Morgan,  and Smead's[1] Exhibit List

| No. | Description | Objections |
|---|---|---|
| 1. | Affidavits that reflect payments or adjustments for medical services provided for treatment received in relation to the Plaintiff's allegations from Associated Anesthesiologists, Inc. | |

---

[1] Defendant Smead has elected to join with other Defendants on Exhibits so as to simplify and streamline trial presentation, and thus he has deleted his Exhibit List that appeared on the prior Pretrial Order.

| 2. | PCSO Medical Request dated November 25, 2016, for Plaintiff (DDR #2, 13) | Objection. Relevancy, confusing the issues, misleading the jury, wasting time, unfairly prejudicial. FRE 401, 402, 403. |
|---|---|---|
| 3. | McAlester Regional Health Center Billing Records for Plaintiff's 12-19-16 Stay (Lance 59 and 61) (formerly Defendants' Ex. No. 22) | |
| 4. | St. Francis Health System Lien (Lance 78-79) (formerly Defendants' Ex. No. 29) | |
| 5. | Urologic Specialists of Oklahoma Lien (Lance 80-81) (formerly Defendants' Ex. No. 30) | |
| 6. | EMP of Tulsa County Bill to Plaintiff for 12-19-16 Services (Lance 83) (formerly Defendants' Ex. No. 31) | |
| 7. | Associated Anesthesiologists Bills to Plaintiff for 12-19-16 Services (Lance 82) (formerly Defendants' Ex. No. 32) | |
| 8. | Choctaw Nation Lien – McAlester Health Center (Lance 77-80) (formerly Defendants' Ex. No. 28) | **Objection Collateral Source **Consistent with the discussion at the pretrial, this evidence will be considered collateral source and not admissible at trial.** |
| 9. | Affidavits that reflect payments or adjustments for medical services provided for treatment received in relation to the Plaintiff's allegations from Urological Specialists | |
| 10. | Affidavits that reflect payments or adjustments for medical services provided for treatment received in relation to the Plaintiff's allegations from St. Francis Health System | |

| 11. | All exhibits listed by Plaintiffs or co-Defendants, not otherwise objected to by these Defendants at pre-trial or trial. | |

IX.     The following witnesses will be called: **WITNESSES NOT SO LISTED WILL NOT BE ALLOWED TO BE CALLED TO TESTIFY, EXCEPT BY ORDER OF THE COURT AND IN THE INTEREST OF JUSTICE.**

   A.        **Plaintiff's witnesses**

| No. | Witness | Anticipated Testimony |
|---|---|---|
| 1. | Dustin Lance<br>c/o BRYAN & TERRILL LAW, PLLC<br>2500 S. Broadway, Suite 122<br>Edmond, OK 73013<br>T/F: (918) 935-2777 | Detention at the Pittsburg County Jail in 2016, observations, encounters with jail and medical staff, treatment, damages |
| 2. | Edvardo "David" Walker<br>1363 Highland Ave.<br>Hartshorne, OK 74547<br>(918) 297-5547 | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices, encounters with Plaintiff and Defendants, observations and opinions regarding jail operations |
| 3. | Stephen Sparks<br>c/o Andy Artus<br>COLLINS ZORN & WAGNER, P.L.L.C.<br>429 NE 50th St. 2nd Floor<br>Oklahoma City, OK 73105 | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices, encounters with Plaintiff and Defendants, observations and opinions regarding jail operations |
| 4. | Chris Morris<br>c/o Andy Artus<br>COLLINS ZORN & WAGNER, P.L.L.C.<br>429 NE 50th St. 2nd Floor<br>Oklahoma City, OK 73105 | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices |

| | | |
|---|---|---|
| 5. | Doris Crawford<br>PO Box 353<br>Crowder, OK 74430-0353 | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices, encounters with Plaintiff and Defendants, observations and opinions regarding jail operations |
| 6. | Daniel Harper<br>c/o Andy Artus<br>COLLINS ZORN & WAGNER, P.L.L.C.<br>429 NE 50th St. 2nd Floor<br>Oklahoma City, OK 73105 | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices, encounters with Plaintiff and Defendants, observations and opinions regarding jail operations |
| 7. | Joel Kerns<br>c/o Seth Coldiron<br>Goolsby | Proctor<br>701 N. Broadway Ave.<br>Suite 400<br>Oklahoma City, OK 73102 | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices, encounters with Defendants, observations and opinions regarding jail operations |
| 8. | Dakota Morgan<br>c/o Andy Artus<br>COLLINS ZORN & WAGNER, P.L.L.C.<br>429 NE 50th St. 2nd Floor<br>Oklahoma City, OK 73105 | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices, encounters with Plaintiff and Defendants, observations and opinions regarding jail operations |
| 9. | Mike Smead<br>c/o Carson Smith<br>PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP<br>1109 N. Francis<br>Oklahoma City, OK 73106 | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices, encounters with Plaintiff and Defendants, observations and opinions regarding jail operations |
| 10 | Edward Morgan<br>c/o Carson Smith<br>PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP | May testify regarding employment at the Pittsburg County Jail, training, supervision, policies, practices, encounters with Plaintiff |

| | | |
|---|---|---|
| | 1109 N. Francis<br>Oklahoma City, OK 73106 | and Defendants, observations and opinions regarding jail operations |
| 11 | Gary Lee, M.D.<br>c/o David Russell<br>RODOLF & TODD<br>15 E. 15th St. 6th Floor<br>Tulsa, OK 74103 | May testify regarding employment at the McAlester Regional Health Center, education, training, encounters with Plaintiff and Defendants, observations and opinions care and treatment provided to Plaintiff |
| 12 | Oren Miller III, M.D.<br>c/o Jennifer Annis<br>110 N. Elgin Ave., Ste. 200<br>Tulsa, OK 74120<br>(918) 595-4800 | All aspects of care, treatment, and prognosis arising from medical encounters of Plaintiff. |
| 13 | Stephen Confer, M.D.<br>c/o Jennifer Annis<br>110 N. Elgin Ave., Ste. 200<br>Tulsa, OK 74120<br>(918) 595-4800 | All aspects of care, treatment, and prognosis arising from medical encounters of Plaintiff. |
| 14 | Brett Jones<br>1217 Pennsylvania Ave.<br>Hartshorne, OK 74547<br>(918) 297-7179 | May testify regarding encounters with Plaintiff, jail operations, observations of Plaintiff and jail staff, opinions and information regarding damages |
| 15 | Jimmy Steele<br>2031 N. 15th St.<br>McAlester, OK 74501<br>(918) 424-2390 | May testify regarding encounters with Plaintiff, jail operations, observations of Plaintiff and jail staff, opinions and information regarding damages |
| 16 | Robert M. Stewart<br>212 W. 2nd St.<br>Heavener, OK 74937-2004<br>(918) 635-5708 | May testify regarding encounters with Plaintiff, jail operations, observations of Plaintiff and jail staff, opinions and information |

| | | regarding damages |
|---|---|---|
| 17 | Michael Crawley<br>204 B Russell Road<br>McAlister ok. 74501. | May testify regarding encounters with Plaintiff, jail operations, observations of Plaintiff and jail staff, opinions and information regarding damages |
| 18 | Bretton James<br>(918) 424-7628 | Former girlfriend of Plaintiff. May testify as to relationship with Plaintiff before and after his December 20016 incarceration. Will testify as to the impact and physical and emotional damages of Plaintiff. |
| 19 | Brandon Lawrence<br>(918) 471-7580 | Friend of Plaintiff; may testify to emotional and physical impact of damages sustained during and as a result of December 2016 incarceration. |
| 20 | Sharon Lance<br>1609 E. Edward #A<br>Shawnee OK 74801<br>(405) 765-6362 | Mother of Plaintiff; may testify to emotional and physical impact of damages sustained during and as a result of December 2016 incarceration. |
| 21 | John Lance<br>8869 SW 124th Road<br>Wilburton, OK 74578 | Father of Plaintiff; may testify to emotional and physical impact of damages sustained during and as a result of December 2016 incarceration. |
| 22 | Witnesses necessary for purposes of identification or authentication | |
| 23 | Witnesses listed by Defendant but not otherwise objected to by Plaintiff | |

19

## B.  Defendants Smead's Witnesses

| No. | Witness | Anticipated Testimony |
|---|---|---|
| 1. | Edward Morgan<br>c/o Pierce Couch Hendrickson Baysinger & Green | Deposed. Former detention officer; Employment at the Pittsburg County jail; pertinent policies and practices of jail; Plaintiff's allegations of events; medical requests; his shifts; jailer and Sergeant duties; logbooks; lack of knowledge of Plaintiff's problem |
| 2. | Mike Smead<br>c/o Pierce Couch Hendrickson Baysinger & Green | Deposed.  Former detention officer; Employment at the Pittsburg County jail; pertinent policies and practices of jail; Plaintiff's allegations of events; medical requests; his shifts; jailer and Sergeant duties; logbooks; lack of knowledge of Plaintiff's problem |
| 3. | Dakota Morgan<br>c/o Collins Zorn & Wagner | Deposed. Former detention officer; Employment at the Pittsburg County jail; pertinent policies and practices of jail; Plaintiff's allegations of events; medical requests; his shifts; lack of knowledge of Plaintiff's problem |
| 4. | Stephen Sparks<br>c/o Collins Zorn & Wagner | Deposed. Former detention officer; Employment at the Pittsburg County jail; pertinent policies and practices of jail; Plaintiff's allegations of events; medical requests; his shifts; jailer and Sergeant duties; logbooks; lack of knowledge of Plaintiff's problem until transport on Dec. 19, 2016; transport of Lance to ER |
| 5. | John Parteet<br>122 S 3rd St.<br>Muskogee, OK 74401<br>(918) 682-7851 | Former detention officer; Employment at the Pittsburg County jail; pertinent policies and practices of jail; Plaintiff's allegations of events; medical requests; his shifts; lack of knowledge of Plaintiff's problem |
| 6. | Dylan Harnly | Former detention officer; Employment at |

| No. | Witness | Anticipated Testimony |
|---|---|---|
| | 1517 East Miami<br>McAlester, OK 74501<br>(405)614-3013 | the Pittsburg County jail; pertinent policies and practices of jail; Plaintiff's allegations of events; medical requests; his shifts; lack of knowledge of Plaintiff's problem until Dec. 19, 2016 |
| 7. | Kyle Halyard<br>193 Tow Road<br>McAlester, OK 74501<br>(918) 470-6701 | Former detention officer; Employment at the Pittsburg County jail; pertinent policies and practices of jail; Plaintiff's allegations of events; medical requests; his shifts; jailer and Sergeant duties; logbooks; lack of knowledge of Plaintiff's problem until transport on Dec. 19, 2016 |
| 8. | Julian Wheeland<br>122 S 3rd St.<br>Muskogee, OK 74401<br>(918) 682-7851 | Former detention officer; Employment at the Pittsburg County jail; pertinent policies and practices of jail; Plaintiff's allegations of events; medical requests; his shifts; lack of knowledge of Plaintiff's problem |
| 9. | Dr. Marc Milsten<br>Urologic Specialists of Oklahoma<br>10901 East 48th Street<br>Tulsa, OK 74146<br>(918) 749-8795 | Expert Witness. Will testify regarding his education, training and experience. Will testify regarding priapism, Plaintiff's care, timing of medical intervention and permanent damage, and all aspects of his report. |
| 10. | Stephen Confer, M.D.<br>c/o Jennifer Annis<br>110 N. Elgin Ave., Ste. 200<br>Tulsa, OK 74120<br>(918) 595-4800 | Care, treatment, and prognosis of Plaintiff's medical conditions and treatment options and modalities discussed and utilized. |

**C.    Defendants Morris, Harper, D. Morgan, and Witness List**

| No | Name and Address | Proposed Testimony |
|---|---|---|
| 1. | Chris Morris, Sheriff<br>c/o Collins, Zorn & Wagner, P.L.L.C. | Will testify regarding and authenticate the policies and procedures at the jail. Will testify regarding the training and |

|   | | |
|---|---|---|
| | 429 N.E. 50th Street<br>Second Floor<br>Oklahoma City, OK 73105<br>(405) 524-2070 | supervision of Sheriff's Office employees. Will authenticate and testify regarding: the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for PCSO employees in December of 2016. Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify to all aspects of his deposition testimony. |
| 2. | Joel Kerns<br>c/o Seth Coldiron<br>GOOLSBY, PROCTOR,<br>HEFENER & GIBBS, P.L.L.C.<br>701 N. Broadway Ave., Suite 400<br>Oklahoma City, OK 73102-6006<br>(405) 524-2400 | Deposed. Will testify regarding his knowledge of the policies and procedures at the jail and Sheriff's office and knowledge of the training and supervision of his employees during the time in question. Will authenticate and testify regarding: the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for PCSO employees in December of 2016. Will testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify to all aspects of his deposition testimony. |
| 3. | Dakota Morgan<br>c/o Collins, Zorn & Wagner, P.L.L.C.<br>429 N.E. 50th Street<br>Second Floor<br>Oklahoma City, OK 73105<br>(405) 524-2070 | Deposed. Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding: the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for him in |

| | | December of 2016. Will testify to all aspects of his deposition testimony. |
|---|---|---|
| 4. | Stephen Sparks<br>2106 Northgate Ave.<br>McAlester, OK 74501<br>(918)421-9813 | Deposed. Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding: his timesheet, the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for him in December of 2016. Will testify to all aspects of his deposition testimony. |
| 5. | Doris Crawford, RN<br>P.O. Box 353<br>Crawford, OK 74430<br>(918) 429-6354 | Deposed. Will testify regarding her knowledge of Plaintiff's treatment and knowledge of the policies relating to medical treatment of inmates. Will testify regarding her interactions with Plaintiff, jailers and other Sheriff's Office personnel, medical providers, and Plaintiff's family. Will be able to testify to her knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify to all aspects of her deposition testimony. |
| 6. | Daniel Harper<br>c/o Collins, Zorn & Wagner, P.L.L.C.<br>429 N.E. 50th Street<br>Second Floor<br>Oklahoma City, OK 73105<br>(405) 524-2070 | Deposed. Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding: his timesheet, the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell |

| | | |
|---|---|---|
| | | assignment logs; and the PCSO monthly timesheets for him in December of 2016. Will testify to all aspects of his deposition testimony |
| 7. | Mike Smead c/o Pierce Couch Hendrickson Baysinger & Green, L.L.P. 1109 N. Francis Oklahoma City, OK 73106 (405) 235-1611 | Deposed. Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding: his timesheet, the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for him in December of 2016. Will testify to all aspects of his deposition testimony |
| 8. | Edward Morgan c/o Pierce Couch Hendrickson Baysinger & Green, L.L.P. 1109 N. Francis Oklahoma City, OK 73106 (405) 235-1611 | Deposed. Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding: his timesheet, the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for him in December of 2016. Will testify to all aspects of his deposition testimony |

| | | |
|---|---|---|
| 9. | Dustin Lance<br>c/o Steven J. Terrill<br>J. Spencer Bryan<br>BRYAN & TERRILL<br>2500 S. Broadway, Suite 122<br>Edmond, OK 73013 | Deposed. Will be able to testify to his knowledge of the events as alleged by him in his Amended Complaint. |
| 10. | Dr. Gary Lee<br>c/o Thomas Wright<br>300 West Broadway<br>Muskogee, OK 744401<br>(918)682-0091 | Deposed. Testimony from his deposition will be presented as designated by parties. |
| 11. | Melinda Penrod<br>308 West Kiowa<br>McAlester, OK 74501<br>(918)424-8337 | Will testify regarding and authenticate the policies and procedures at the jail. Will testify regarding the training and supervision of Sheriff's Office employees. Will authenticate and testify regarding: the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for PCSO employees in December of 2016. Will be able to testify to her knowledge of the events as alleged by Plaintiff in his Amended Complaint. |
| 12. | Loyd London, Jail Administrator for the Pittsburg County Jail<br>c/o Collins, Zorn & Wagner, P.L.L.C.<br>429 N.E. 50th Street<br>Second Floor<br>Oklahoma City, OK 73105<br>(405) 524-2070 | Will testify regarding and authenticate the policies and procedures at the jail. Will testify regarding the training and supervision of Sheriff's Office employees. Will authenticate and testify regarding: the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for PCSO employees in December of 2016. Will be able to testify to her knowledge of the events as alleged by Plaintiff in his Amended Complaint. |
| 13. | Jeff Daniels<br>Assistant Jail Administrator<br>c/o Collins, Zorn & Wagner, | Will testify regarding his knowledge of the policies and procedures at the jail and Sheriff's office and knowledge of the |

25

| | | |
|---|---|---|
| | P.L.L.C.                      429 N.E.<br>50th Street<br>Second Floor<br>Oklahoma City, OK 73105<br>(405) 524-2070 | training and supervision of his employees during the time in question. Will authenticate and testify regarding: the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for PCSO employees in December of 2016. |
| 14. | Dylan Harnly<br>1517 East Miami<br>McAlester, OK 74501<br>(405)614-3013 | Former detention officer. Will testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding his timesheet, the Jail's documents regarding Plaintiff, including his Jail File and Medical file and PCSO Logs, including the male tower log, booking log, cell assignment logs. |
| 15. | Julian Wheeland<br>Pittsburg County Jail<br>1210 N. West Street<br>McAlester, OK 74501<br>(918) 423-5858 | Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding: his timesheet, the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for him in December of 2016. |
| 16. | Kyle Halyard<br>193 Tow Road<br>McAlester, OK 74501<br>(918) 470-6701 | Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his |

| | | |
|---|---|---|
| | | knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding: his timesheet, the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for him in December of 2016. |
| 17. | John Parteet<br>Pittsburg County Jail<br>1210 N. West Street<br>McAlester, OK 74501<br>(918) 423-5858 | Will be able to testify to his knowledge of the events as alleged by Plaintiff in his Amended Complaint. Will testify regarding his knowledge of the Sheriff's Office policies and procedures and his knowledge, training, and experience. Will testify regarding any interactions, or lack thereof, with Plaintiff. Will authenticate and testify regarding: his timesheet, the Jail's documents regarding Plaintiff, including his Jail File and Medical file; PCSO Logs, including the male tower log, booking log, and cell assignment logs; and the PCSO monthly timesheets for him in December of 2016. |
| 18. | Representative of<br>Saint Francis Hospital<br>6161 South Yale Ave.<br>Tulsa, OK 74136<br>(918) 494-2200 | May authenticate McAlester Regional Health Center records regarding Plaintiff's treatment and care. |
| 19. | Representative of<br>McAlester Regional Health Center<br>1 Clark Bass Blvd.<br>McAlester, OK 74501<br>(918) 426-1800 | May authenticate Saint Francis Hospital records regarding Plaintiff's treatment and care. |
| 20. | Dr. Marc Milsten<br>Urologic Specialists of Oklahoma<br>10901 East 48th Street<br>Tulsa, OK 74146<br>(918) 749-8795 | Expert Witness. Will testify regarding his education, training and experience. Will testify regarding priapism, Plaintiff's care, and all aspects of his report. Will authenticate his report. |
| 21. | Records custodian from Urologist Specialists of Oklahoma. | To authenticate documents. |

| | | |
|---|---|---|
| 22. | Records custodian from EMP of Tulsa County. | To authenticate documents. |
| 23. | Records custodian from Associated Anesthesiologists. | To authenticate documents. |
| 24. | Any witness listed by Plaintiff or co-defendant and not objected to by Defendants Morris, D. Morgan, or Harper at pretrial or time of trial. | |

X.      **ALL** discovery shall be completed by: N/A.

XI.     Indicate all pending motions and the corresponding dates of filing.

XII.    The parties agree the following issues of law, and no others, remain to be litigated upon the trial:

1. Whether there was a violation of Plaintiff's constitutional right to medical care by any defendant

2. Whether a policy or custom of the Sheriff in his official capacity caused that constitutional violation

3. Whether any Defendant was deliberately indifferent

XIII.   The possibility of settlement of this case has been explored with the following results:

The possibility of settlement has been explored and the current possibility of settlement is poor.

XIV.    Do all counsel and parties consent to a Magistrate Judge handling the jury selection in this matter (if a jury demand has been made)?  If yes, all counsel should be prepared to sign a consent form at the Pretrial Conference.

28

Yes   X   No _____

XV.     The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, <u>this order shall supersede the pleadings and govern the course of the trial of this cause</u>, unless modified to prevent manifest injustice.  Rule 16, <u>Federal Rules of Civil Procedure</u>.

Dated this 20th  day of April of 2023.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma

s/*Steven J. Terrill*_____
Steven J. Terrill, OBA No. 20869
J. Spencer Bryan, OBA No. 19419
BRYAN & TERRILL LAW, PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73013
Tele/Fax:       (918) 935-2777
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

Dan Smolen
701 S Cincinnati Ave,
Tulsa, OK 74119
danielsmolen@ssrok.com
*Attorneys for Dustin Lance*

s/Carson Smith                    [signed by permission]
Robert S. Lafferrandre
Carson C. Smith
John H. Kim
Randall J. Wood
PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106

*Attorneys for Defendant*
*Deputy Mike Smead*

s/ Andy Artus                    [signed by permission]
Andy A. Artus, OBA No. 16169
W.R. Moon, OBA No. 32079
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Email: aaa@czwlaw.com wrm@czwlaw.com
Tele (405) 524-2070
Fax  (405) 524-2078
*Attorneys for Defendants, Sheriff Chris Morris, in his official capacity, Dakota Morgan,*
*and Daniel Harper*